By the Court.
We decided, in the case of The Andover and Medford Turnpike Corporation vs. Gould, (3) that where the members of a turnpike corporation agree expressly to pay the assessments that may be made by the corporation, an action lies for the recovery of such assessments. — To the objection that the defendant had done all in his power to assign his share, we do not attach much weight. Such a transfer might be made to a pauper, with the intent merely to rid the proprietor of his obligation to the corporation, and to deprive the latter of all remedy but from the sale of the shares, which is well known to be. a fruitless remedy. If, how ever, it was done bona fide, and with no design to deprive the corporation of their legal remedies, — and there is no ground to think otherwise of the transaction in the case before us, — it would require consideration, before we should hold the original proprietor answerable for the assessments; especially when he had been prevented from completing the transfer in the mode prescribed in the by-laws of the corporation, by their own officer. — But it is not necessary to *give an opinion on this objection, as we are satisfied that on the last point, made by the counsel for the defendant, he must prevail. The plaintiffs rely on an express contract, and they are bound to prove it as they allege it Here the proof is of an engagement to pay assessments for making a turnpike in a certain specified direction; and of the making a turnpike in a different direction. The defendant may truly say, Non hcec infcedera veni. He was not bound by the application of the directors to the legislature for the alteration of the course of the road, nor by the consent of the corporation thereto. Much fraud might be put in practice under a contrary decision. We are not, however, to be understood as deciding that the general legal remedy by sale of the shares does not remain to the corporation in this case; although we are of opinion that the defendant is not holden by the express promise to pay the assessments, on which the present action is brought. According to the agreement, under which the cause was reserved at the trial for the opinion of the court, the verdict must be so amended, that the plaintiffs may take judgment upon the second count only, which is upon a promissory note not disputed.

 6 Mass. Rep. 40.