Troy and Boston Railroad Company *v.* Warren.

[ALBANY GENERAL TERM, September 4, 1854. *Harris*, *Watson* and *Wright*, Justices.]

———— •♦• ————

THE TROY AND BOSTON RAILROAD COMPANY *vs.* NATHAN B. WARREN, STEPHEN E. WARREN, EDMUND SCHRIVER and HARRIET L. his wife.

An individual does not become a stockholder of a railroad company, so as to be liable to be sued by the company for calls made upon its capital stock, merely by subscribing a preliminary paper, previous to the organization of the company, by which he agrees to take a specified amount of the capital stock; unless he subsequently signs the articles of association, or subscribes to the capital stock, in the books of the company.

A subscription to such preliminary paper by one of several heirs, as follows: " Estate of N. W. 100 shares, $10,000," is not binding either upon himself or his co-heirs.

The statute prescribes a particular mode of subscription, viz. that the associates shall *severally* subscribe the articles, &c.; and that method must be followed.

THIS was an appeal by the defendants, from a judgment entered at the circuit. The action was brought to recover the amount of several calls made upon an alleged subscription by the defendants to the capital stock of the plaintiffs' company. The action was tried by the court without a jury.

*N. Hill, Jun.*, for the plaintiffs.

*W. A. Beach*, for the defendants.

*By the Court,* WRIGHT, J. This action was brought to recover nine several calls of stock in the plaintiffs' company, of

$1000 each, with interest from the time said calls became due and payable. The defendants were the heirs at law of Nathan Warren, formerly of the city of Troy, deceased. The complaint counted upon an instrument called "a preliminary paper," similar in its terms, in all respects, to that in the case of "*The Troy and Boston Railroad Company* v. *Tibbits*," decided at this term,(*a*) which paper, on or about the ninth of May, 1849, was subscribed as follows: "*Estate of Nathan Warren,* 100 *shares* $10,000." The subscription was made by George H. Warren, one of the defendants, at the solicitation of D. T. Vail, who was circulating the paper to obtain subscriptions. None of the defendants subscribed the articles of association. Schriver and Stephen E. Warren attended the preliminary meeting to choose directors. Stephen E. Warren voted at that meeting for directors. He was chosen a director, but never met with them after the first meeting. At the close of the evidence the defendants moved for a nonsuit, assigning the same grounds as in the *Tibbits* case, with the following additional grounds: 1st. That the plaintiffs had not proved that the defendants, any or either of them, had become stockholders, by signing either the preliminary subscription or the articles of association. 2d. If it were conceded that the subscribers to the preliminary paper became stockholders, still there was no subscription which bound the defendants, any or either of them, "because, by the act of 1848, all subscribers must severally subscribe the articles of association; and if the preliminary paper was deemed equivalent to signing the articles, then the names of the persons representing the estate should have been severally subscribed thereto." 3d. Because there was no evidence that George H. Warren, who signed the subscription, had any authority to sign for any person representing said estate, or interested therein. 4th. That even if his authority could be inferred from the loose testimony of the assent of Schriver and Stephen E. Warren, the subscription would be nugatory; as, if he had such authority, he should have subscribed their individual names, as the act requires. 5th. Because there was no proof of any authority to execute a subscription upon

(*a*) Ante, p. 297.

the terms or conditions, or in the way and manner in which this was executed. The court denied the motion for a nonsuit; and further held and decided that the preliminary paper, upon which the action was brought, was a valid and obligatory instrument in itself, upon which the defendants were liable in this action; and directed a judgment to be entered for the amount of the nine several calls, with interest thereon.

The judgment must be reversed and a new trial ordered. The decision at the circuit was predicated upon the validity and obligatory nature of the same instrument upon which the action of *The Troy and Boston Railroad Company* v. *Tibbits* was brought, and we might content ourselves with assigning the reasons given in that case for a reversal; but there is still further reason. These defendants did not even execute the preliminary subscription. The statute prescribes a particular mode of subscription, and it is to be followed. The associates shall *severally* subscribe articles, &c. But conceding that the defendants might contract as joint subscribers by any name *they choose* to adopt for that purpose, (their individual names not being necessary,) we will look in vain in the case for any proof that the defendants ever adopted this subscription by this name. Judgment must be reversed and new trial ordered, with costs to abide the event.

[ALBANY GENERAL TERM, September 4, 1854. *Harris, Watson* and *Wright*, Justices.]