THE MACEDON AND BRISTOL PLANK ROAD COMPANY *vs.* LAPHAM.

Where the directors of a plank road company, after the formation of the company, extend the main line of the road beyond the point originally specified, and increase its capital stock, without the written consent of the persons owning two thirds of the capital stock, or of a majority of the inspectors, &c., as provided by the first section of the plank road act, such acts are unauthorized and illegal, and exonerate the original stockholders from all liability to pay their subscriptions.

Macedon and Bristol Plank Road Co. *v.* Lapham.

Nor will the fact that the stockholder participates in the proceedings of the company to extend the road, and retains his stock after the extension has been made, and then sells the same for a valuable consideration, to a third person, estop him from denying his liability to pay his subscription.

THIS action was brought to recover the amount claimed to be due from the defendant to the plaintiffs on the subscription by the defendant, upon the subscription or stock book of the plaintiffs, for six shares of the capital stock of the company, at $25 a share. The action was tried before Johnson, justice, at the Ontario circuit, on the 18th day of February, 1853. Upon the trial the plaintiffs gave evidence tending to show their organization under the general plank road act, and the subscription by the defendant for the stock mentioned, in the month of December, 1849. This subscription was made at a meeting of the stockholders, held at that time preparatory to the organization of the company, which was perfected in January thereafter. The defendant paid five per cent upon the amount of stock so subscribed by him, and on the 29th day of March, 1850, sold and transferred the said stock to one Jacob Ferguson, by a written assignment in due form, for the consideration of five dollars, and authorizing the treasurer of the company to transfer the same, on the books of the company, to said Ferguson. The other facts are sufficiently stated in the opinion of the court. After the evidence was closed, the defendant moved for a nonsuit, which motion was granted by the court.

The plaintiff now moved to set the nonsuit aside, and for a new trial.

*S. V. R. Mallory*, for the plaintiffs.

*E. G. Lapham*, for the defendant.

By the Court, WELLES, J. By the original articles of association the plaintiffs' road was to be constructed from the village of Macedon to some point on the road leading from Victor to Vienna village, in the town of Victor, with a branch extending westerly, &c. to the west line of the town of Macedon, and was

to be, as nearly as could be estimated, ten miles in length. By the same articles, the association was to be known as the Macedon and Victor Plank Road Company; also that the amount of the capital stock of the company was to be $15,000, to consist of 600 shares of $25 each; and that its concerns should be managed by seven directors, naming them; and among the names is that of the defendant. The defendant contends that the subsequent extension of the main line of the road from Victor to Bristol, and the increase of capital for that purpose, was such a radical and fundamental change of the original constitution of the company, as to absolve him, the defendant, from all liability on his stock subscription.

By the first section of the " act in relation to plank roads and turnpike roads," passed April 6, 1849, (*Sess. Laws of* 1849, *ch.* 250,) directors of plank roads may, with the written consent of the persons owning two-thirds of the stock, and with the written consent of a majority of the inspectors, &c., construct branches to their main line of road, or extend their main line, or change the route of their road or any part thereof, which branches or extensions shall in all respects be governed by the same rules, and affected by the same laws, as the main line of road, and the directors may increase the capital stock of the company, &c. This act had become a law, and was in force, at the time of the formation of the Macedon and Victor Plank Road Company, and the date of the articles of association.

The directors, after the defendant had subscribed for the stock in question, extended the main line of the road from Victor to Bristol Center, and increased the capital stock to $50,000, and before the commencement of this action had actually completed the road as thus extended, at an expense of that amount. The plaintiffs' counsel contends that they had the right to do this, by virtue of the act of 1849 referred to. But the right claimed to be conferred by the act is upon condition of obtaining the consent in writing of the persons owning two-thirds of the stock, and with the like consent of a majority of the inspectors. It does not appear that these conditions have been performed. There is no evidence tending to show the consent of the stockholders

Macedon and Bristol Plank Road Co. v. Lapham.

or inspectors, given in the manner required by the act, and the act must therefore be laid out of view, in the consideration of the case. Upon the facts, then, as shown by the bill of exceptions, the extension of the road and increase of the capital were unauthorized and illegal.

Do these unauthorized acts of the company release or absolve the defendant from liability to pay his subscription? The original articles of association, which was the fundamental law of the company, and the basis of the defendant's agreement, contemplated the making a road from Macedon to Victor, which, with the branch mentioned, embraced a distance of ten miles, and at an expense or with a capital of $15,000. The company have not only completed this enterprise, but have superadded thereto the expenditure, by an extension of their main line of road, of more than three times the original capital, which has been increased in the same proportion. They have also procured an act of the legislature, authorizing them to change their corporate name, to the one in which this action is brought. (*Laws of* 1850, *ch.* 93.) These changes, particularly the extension of the road and increase of the capital, were essential and radical. If they had been made even in pursuance of a legislative enactment made or procured after the subscription by the dedefendant of the stock in question, the latter would have been released. (*The Middlesex Turnpike Corporation* v. *Lock*, 8 *Mass. R.* 268. *Same* v. *Swan*, 10 *Id.* 384. *The Hartford and New Haven Railroad Co.* v. *Croswell*, 5 *Hill*, 383. *Stevens* v. *The Rutland and Burlington Railroad Co.*, *Am. L. Reg. for Jan.* 1853, *vol.* 1, *p.* 154.) That the extension was unauthorized and illegal, certainly cannot help the case for the plaintiffs. I am therefore led to the conclusion that the conduct and transactions of the company have been such as to exonerate the defendant from all liability upon his subscription.

It is urged, on the part of the plaintiffs, that the defendant having participated in the proceedings of the company to extend the road, and having retained his stock after such change had been made, and then sold the same for a valuable consideration to a third person, who thereby became vested with the rights of

a stockholder, he is estopped from denying his liability to pay his subscription. The bill of exceptions shows that at a meeting of the directors of the Macedon and *Victor* Plank Road Company, held on the 19th day of February, 1850, at which the defendant was present as one of the directors, it was unanimously resolved to take the *necessary* steps, *as soon as it could be legally done,* to continue the line of the road to Bristol Center. Other resolutions were adopted at the same meeting, with a view to carry out the one stated. At another meeting, held on the 28th of March following, the defendant was appointed secretary, in place of the former secretary who had resigned. This meeting passed a resolution that the main line of the Macedon and Victor plank road be, and the same thereby was, extended from its termination in the town of Victor to Bristol Center, and proceeding to locate the entire line of the road as extended. It was further proved, as the bill of exceptions states, " that the defendant was present at several of the preliminary meetings of the stockholders, called for the purpose of taking into consideration the proposed extension of the road to Bristol Center, and of increasing the capital stock of the company for that purpose. That the defendant took part in the proceedings and discussions of these meetings, and made no objection to the proposed extension." The only fair inference from all this is, that the defendant was in favor of the extension, *to be legally effected,* or, in the language of the inceptive meeting of the directors on that subject, "as soon as it could be legally done." It cannot with propriety be inferred from the evidence that he gave any assent, either expressly or by implication, that the end in view should be attained by unauthorized illegal proceedings. There was a law then in force, (act of 1849, above refered to,) by virtue of which the road could be lawfully extended, without impairing the rights, or affecting the liability of subscribers for stock. It is not to be presumed or inferred, from any of the evidence in the case, that the defendant was in favor of doing it in any other manner.

In regard to the defendant's transferring his stock, which took place on the 29th of March, 1850, the next day after the final resolution of the directors to extend the road, I confess myself

entirely at fault in perceiving how the fact can have the slightest application or influence upon the question of the defendant's liability. He had good right to suppose that if the road was extended as then contemplated, it would be done legally, or not at all; and in either event he would be a regular stockholder, and would have the right, the same as any other stockholder, to transfer his stock. It is claimed to be an estoppel. That cannot be so. The company could not be legally affected by the act of transfer; nor does it appear that any act was done or omitted, or any step taken by them, upon the faith of the defendant's continuing a stockholder.

The motion to set aside the nonsuit should, in my opinion, be denied.

Judgment accordingly.

[MONROE GENERAL TERM, September 4, 1854. *Johnson, T. R. Strong* and *Welles,* Justices.]