### THE BUFFALO, CORNING AND NEW YORK RAIL ROAD COMPANY *vs.* POTTLE.

The articles of association of a rail road company provided that the road should extend from Buffalo to connect with the N. Y. and Erie Rail Road at P. P. in the county of Steuben, and that it should pass through portions of the counties of Monroe and Ontario. The defendant subscribed these articles, for stock to the amount of $1000. After he had subscribed the articles, the road was located and constructed from Steuben county to Batavia, without passing through, or touching, either of the counties of Monroe and Ontario. *Held* that this was a substantial departure from the contract, and one which released the defendant from his obligation to pay his subscription. ·

Where the act of incorporation, or articles of association, prescribe the limits within which a rail road company shall construct its road, it cannot, even under the 23d section of the general rail road act, alter or change the route, after it has been located, so as to transcend those limits; at least not without releasing previous subscribers for stock who have not consented to such change.

MOTION by the plaintiffs for judgment on a verdict taken at the circuit in Yates county, in April, 1855, subject to the opinion of the supreme court on a case. The action was brought to recover the amount of the defendant's subscription to the plaintiffs' articles of association, for $1000 stock in their company. The plaintiffs were incorporated under the general rail road act of 1850. At the trial, various questions arose and decisions were made, to which exceptions were taken; but, as the case is now decided on one point only, the facts in relation to which are sufficiently stated in the following opinion, it is unnecessary to state the other questions, or the evidence in relation to them. The verdict was in favor of the plaintiffs for the amount of the defendant's subscription, and interest.

*W. Barnes,* for the plaintiffs.

*E. G. Lapham,* for the defendant.

*By the Court,* WELLES, J. By the third article of the plaintiffs' association, their road was to extend from the city of Buffalo to connect with the New York and Erie Rail Road at or near the village of Painted Post in the county of Steuben.

The fifth article is in the following words, viz : " The said rail road is intended to be made from the city of Buffalo to the east line of the county of Erie; thence, through the county of Genesee in an easterly direction; thence, into and through a part of the county of Livingston; thence, into and through a part of the county of Monroe; thence, into and through a part of the county of Livingston; thence, into and through a part of the county of Ontario; thence, into the county of Steuben." It was a part of the plaintiffs' contract with the defendant, that the road should pass through portions of the counties of Monroe and Ontario. After the defendant made his subscription to the articles of association for the stock, the road was located and constructed from Corning to Batavia, without passing through or touching any part of either of those counties. This was, as I think, a substantial departure from the contract, and one which released the defendant from his obligation to pay his subscription. It is suggested by the plaintiffs' counsel that the defendant might have been made liable for the whole of his subscription before the particular route of the road was located. Admitting that to be so, it furnishes no answer to this objection to the plaintiffs' right to recover, any more than it would in the case of a plank road, where the company had extended the road and increased the capital stock without observing the directions of the statute on that subject. In such a case it has been decided that previous subscribers would be released. (*The Macedon and Bristol Plank Road Co.* v. *Lapham*, 18 *Barb.* 312.) What would be the remedy of the defendant in case he had paid his subscription before the track of the road had been located, it is not necessary to consider. It is also contended by the plaintiffs' counsel that the 23d section of the rail road act authorizes the company to alter or change the route of the road at any time. (*Sess. L. of* 1850, *p.* 222, *ch.* 140.) But in this case the route was neither altered nor changed. The section of the act referred to, clearly does not contemplate such alteration or change until the route has been once established, and not then, except by a vote of two-thirds of all the directors, when they are to make and file in the clerk's office of the proper county, a survey,

map and certificate of such alteration or change, after which they have the same right and power to acquire title to lands in such altered or changed route as if the road had been there located in the first instance; and the section concludes with these significant words : " All the provisions of this act relative to the first location and to acquiring title to land, shall apply to such new or altered portion of the route." I am prepared to go further, and to hold that, where the act of incorporation or articles of association prescribe the limits within which a rail road company shall construct its road, it cannot, even under the above 23d section, alter or change the route, after it has been located, so as to transcend those limits, at least without releasing previous subscribers for stock who have not consented to such change. If this is not so, a company who have obtained such stock subscriptions, under a charter or articles of association, to build a road from Albany to Buffalo through certain specified intervening counties and villages, and have located the road accordingly, may afterwards change the route so as to avoid the specified counties and villages, or may diverge at any place they choose and pass through an entirely different portion of the state; and then call on the subscribers to pay. I cannot believe the directors of a rail road company are invested with any such power. It is not a case, in my judgment, where the court are at liberty to measure the advantages or disadvantages to the company or its stockholders, or the convenience of the public, as in the case of combining other objects of business with the running of the road, as was the case in *The Hartford and New Haven Rail Road Co.* v. *Croswell*, (5 *Hill*, 383,) but a limitation of the franchise ; a boundary to the discretion of the directors which cannot be exceeded without forfeiting the claims of the corporation under contracts previously entered into, based in part at least upon such circumscribed power.

The defendant is entitled to judgment on the case.

Ordered accordingly.

[MONROE GENERAL TERM, September 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]