JOSEPH HESTER v. THE MEMPHIS AND CHARLESTON RAILROAD COMPANY.

CORPORATION: AMENDMENTS IN CHARTER, WHEN NOT BINDING ON NON-ASSENTING MEMBERS.—By the original Act of Incorporation of the Memphis and Charleston Railroad Company, passed by the Legislature of this State in 1850, the corporation was required to locate their road through the town of Holly Springs, and thence eastwardly to the Alabama line; and the defendant who resided on the route fixed by the charter, subscribed for stock in said company upon the representation of its president, that the road should be located as prescribed in the charter: afterwards, in 1854 at the instance of the corporation, the legislature amended their charter, removing all restrictions as to the route on which the road should be located, and the company thereupon abandoned the route prescribed in the original charter, and located the road materially different, and against the defendant's consent: *Held*, First: That the location of the road on the route prescribed by the original charter, and on which the defendant resided was, under the circumstances, a consideration to his subscription for stock. Second. That the amendment of the charter removing the restrictions on the location of the road was material and fundamental, and not binding on non-assenting stockholders, who had subscribed for stock under the original charter, upon the faith that the road would be located as therein required; and,. Third. That upon an abandonment by the company of the road on the route prescribed by the original charter, and its location materially different under the provisions of the amendment, *such* subscribers were released from all obligation to pay their stock.

IN error from the Circuit Court of Tishomingo county. Hon. P. T. Scruggs, judge.

*O. Davis,* for the plaintiff in error.

*Arnold* and *Hill,* for the defendant in error.

*Yerger* and *Rucks,* on same side.

HANDY, J., delivered the opinion of the court.

This action was brought by the defendant in error, to recover the amount of certain instalments of stock in the company of the defendant, for which the plaintiff in error had subscribed.

The defendant below pleaded in substance :—

1. That by the original charter of the company passed in 1850, by the legislature of this State, and under which the defendant became a subscriber for stock, the route of the road was prescribed to begin at some point on the northern boundary of this State, and run thence through the town of Holly Springs in Marshall county, thence in an easterly direction to the east boundary of this State to the Alabama line; and after the passage of that act, the president and authorized agent of the company opened books of subscription for stock, and falsely represented that he wished to obtain subscriptions, upon condition that the road should run a central course through the counties of Marshall, Tippah and Tishomingo, and unless it should so run, that the subscriptions should be void; and that the defendant was induced by these false statements to subscribe for the stock sued for, but that the road was located on an entirely different route.

2. That the company was incorporated in this State by an act of the legislature, passed in 1850, and that the defendant became a stockholder of the company under that Act; but that in the year 1854, the legislature passed another act in relation to the corporation, which was accepted by a majority of the stockholders, but not by the defendant; and that, by reason of material alterations of the Act of 1850, by the Act of 1854, he is released from his liability upon his subscription.

3. The same facts substantially as stated in the two preceding pleas, with the additional averment that the company had abandoned the road, and under the provisions of the eleventh section of the Act of 1854, had transferred the subscriptions for stock to the Central Railroad Company, to which the defendant did not assent; whereby he claims to be released.

The plaintiff demurred to these pleas, and they were held insufficient, and judgment was rendered for the plaintiff.

Two questions are raised and insisted upon here in behalf of the plaintiff in error.

1. That the alleged fraudulent representations of the agent of the company vitiate the contract.

2. That the alteration of the Act of 1850, and the abandonment of the route of the road therein prescribed, by and under the Act

of 1854, absolved the plaintiff in error from liability under his subscription for stock.

These questions resolve themselves into but one proposition, and that is, whether the company had the right to abandon the route of the road prescribed by the Act of 1850, and still hold the non-assenting subscriber bound; for if they had that right, it is clear that representations as to any particular route would not have bound the company irrevocably, and a departure from that route would be within the general powers of the corporation, to which the subscriber, in becoming a member of it, had agreed to submit, and which, consequently, would not discharge him in law from his obligation as a subscriber. We will, therefore, confine our attention to the second question above stated.

It appears by the acts of the legislature in question and which are referred to in the pleas, that the route of the road was prescribed in the Act of 1850, to begin at some point on the northern boundary of this State, and *to pass through the town of Holly Springs,* and thence easterly through this State to some point on the Alabama line ; and it is admitted by the pleadings that the plaintiff in error became a subscriber under that charter : and the representations with respect to the course of the road set up in the first plea, are in accordance with the route prescribed by that charter. The Act of 1854, repealed all parts of the Act of 1850 inconsistent with it, and gave the company the power to enter this State at any point on its northern boundary, and to "pass out of it at any point they may desire on the eastern boundary;" and it is averred that by virtue of this Act, the road has been located upon an entirely different route from that prescribed in the Act of 1850. It appears by the geographical position of the country, that if the road had been constructed from Holly Springs to the eastern line of the State, it must have passed through the counties of Tippah and Tishomingo, in the latter of which the plaintiff in error resided; and this may be fairly presumed to have been a consideration to his subscribing for stock.

Under these circumstances was the plaintiff in error bound to pay his subscription? He had agreed to become a stockholder in the road as located by the charter of 1850. His contract of sub-

scription had direct reference to that charter, and the road as located by it; and that location was most material to his rights and obligations as a member of the company, insomuch that the State had no power without his consent, to change it, nor had the corporate authorities, nor a majority of the members, the power to bind him to the alteration which the State might make at their instance, without his consent, there being no such power in the charter. He was bound to pay, for the purpose of constructing the particular road in which he had agreed to become a stockholder; and when the route which was fixed when he became a subscriber, was materially changed, he had the right to consider the enterprise to which he had bound himself, as abandoned and his contract at an end. These principles are well sustained by authority. *The Middlesex Turnp. Comp.* v. *Locke*, 8 Mass. 268; *Hartford and N. Haven R. R. Co.* v. *Croswell*, 5 Hill, (N. Y.) 383; *The Ind. and Edensb. Turnp. Co.* v. *Phillips*, 2 Penn. 184; and are sanctioned by this court in *New Orleans, &c., R. R. Co.* v. *Harris*, 27 Miss. 517.

If the facts stated in the pleas be true, as they are admitted to be by the demurrer, there cannot be a doubt but that the change in the location of the road was material and fundamental. It is true, that the Act of 1854, does not positively and in terms repeal the location made by the original Act of 1850. But it authorises the company to change that location; and the pleas aver that the company have made the change in virtue of that authority, and adopted an entirely different route. If this be true, the company are attempting to make the plaintiff in error contribute to an enterprise in which he never agreed to participate. This clearly cannot be sanctioned without a violation of the first principles both of the law of contracts, and of the powers of corporations.

The judgment must be reversed, the demurrers to the pleas overruled, and the case remanded for further proceedings.