## S. G. CHAMPION *v.* MEMPHIS AND CHARLESTON RAILROAD CO.

1. RAILROAD: WHEN A CHANGE IN THE LOCATION OF THE ROAD WILL RELEASE STOCKHOLDERS.—When the route on which a railroad is to be located is prescribed by its charter, a subsequent material deviation from the route therein prescribed, will release the stockholders who had previously subscribed, and who did not consent to the deviation.

2. SAME: PLEAS SETTING UP DEVIATION IN THE ROUTE SHOULD BE CERTAIN.—It is not every deviation in the location of a railroad from the route prescribed in the charter, which will release non-assenting stockholders, and it is impracticable to lay down any general rule to serve as a sure guide in determining the question of the materiality of the deviation. Each case must be determined by its own particular circumstances; and hence, where a stockholder resists the collection of his subscription for stock, upon the ground of a deviation from the route prescribed by the charter, he ought to set out in his plea, such deviation clearly and distinctly, so that its materiality can be determined.

3. SAME.—A plea by a stockholder in a railroad company, setting up a deviation

in the route prescribed by the charter, as a defence to a suit to enforce his subscription for stock, which describes the deviation as follows: "That said road was not constructed in accordance with the requirements of the charter," is bad for uncertainty.

ERROR to the Circuit Court of Tishemingo county. Hon. P. T. Scruggs, judge.

*Arnold* and *Hill,* for plaintiff in error,
Cited *Hester* v. *The Memphis and Charleston Railroad Company,* 32 Miss. R. 378.

*Reynolds* and *Kinyon,* for defendant in error.

SMITH, C. J., delivered the opinion of the court.

This suit was brought in the Circuit Court of Tishemingo, to recover the amount of certain calls upon stock in the Memphis and Charleston Railroad Company, alleged to have been subscribed for, by the plaintiff in error.

The answer of the defendant in the court below, alleged, in substance, that the act of the legislature incorporating said company within the State of Mississippi, and by which it acquired the right of way through the State, was upon the express condition, that the company should begin their road at some point on the northern boundary of the State of Mississippi, and run from thence through the town of Holly Springs, in Marshall county, and thence in an easterly direction through said State, to the eastern boundary thereof. That in pursuance of said act of incorporation, a legally authorized agent for the company, opened books for the subscription of stock, and represented to defendant, that he was endeavoring to ascertain how much of the stock of the company he could get subscribed, upon the *conditions* prescribed in the charter; and that he only desired subscriptions for the stock, upon the condition that the road should run, centrally, through the counties of Marshall, Tippah, and Tishemingo; and if the road should not be constructed upon that route, and in strict accordance with the requisitions of the act incorporating said company, the subscriptions for stock were to be void. That these representations and assurances were false and

fraudulent, and made with the intent to deceive; but, relying upon their truth, and believing them to be made in good faith, the defendant was thereby induced to subscribe for the stock, as alleged by plaintiff; "and that said road was not constructed in accordance with the requirements of the said charter."

The answer was held insufficient on demurrer, and judgment was entered for the plaintiff.

In enterprises of this character, a party who subscribes for stock, is presumed to do so, with reference to the route upon which the road is to be located, if the route has been prescribed by the charter.   In the construction of a railroad, the selection of the route which it is to pursue, must always be a material consideration.   A contemplated railroad between Memphis and Charleston, to be located without the borders of this State, would be less valuable, and therefore less desirable, to the inhabitants of Marshall, Tippah, and Tishemingo, than a road between the same points, which should pass through those counties.   The selection of a particular route may, and doubtless often is, the very circumstance which has determined individuals to aid, by contributions of money, in the construction of the road.   Where, therefore, the act of incorporation has prescribed the route on which the road is to be located, the location thus fixed, may justly be considered as entering into, and forming a material part of, the consideration to the subscriptions for the stock.   Hence, upon a plain principle of law, as well as justice, an abandonment of the prescribed route by the company, and the adoption of an entirely different one, would release the stockholders who had previously subscribed, and who had not consented to the alteration, from liability on their subscriptions; and this doctrine was held and settled by this court in the case of Hester, against the present defendant in error.   32 Miss. R. 378.

But, in these cases, it is not every deviation from the prescribed route, which will absolve the non-consenting stockholder from the obligation of his contract of subscription; and while, in extreme cases, no doubt could be entertained upon the question, whether the subscriber was not released, the impracticability is admitted, of laying down any general rule, which will serve as a sure guide in

all cases, where the defence rests upon an alleged deviation from the route fixed by the charter. It seems, that the nearest approach to a general rule on the subject, if it can, properly, be called a general rule, is to hold, that the question, in each case, is to be determined by the circumstances of that particular case.

It is obvious, therefore, that the rule of pleading, which requires that the matters relied on in defence should be stated with clearness, precision, and accuracy, applies with great strictness in cases of this nature. The particular change in the location, or deviation from the route prescribed in the charter, should be clearly and distinctly set out, so that the court, and the jury, under the instruction of the court, might judge of its materiality. In this case, the averment is, "that the said road was not constructed in accordance with the requirements of said charter;" without any allegation, showing in what particular, in the construction of the road, the charter was not complied with; whether there was even an immaterial change in, or deviation from the route on which, under the directions of the charter, the road was to be located; or whether, in any other respect, there was such a non-compliance with its requisition as would, in law, operate a release of the defendant from his subscription. It seems, therefore, not to admit of doubt, that the answer was insufficient.

We have been referred, by counsel, to the case of *Hester* v. *Memphis and Charleston Railroad Company*, above cited, as an authority sustaining the validity of the answer in this case; but, upon examination, it will be perceived, that the pleadings in that and the present case, are materially different. In *Hester* v. *The Company*, the defence relied on was, that the company had not only deviated from the prescribed route, but had utterly abandoned it, and had located the road upon an entirely different one, and without the defendant's consent; and these facts were distinctly alleged.

Judgment affirmed.