Battle, J.
 

 Ho rule is better established, than the one that a party cannot maintain a suit in Equity for any injury done or threatened, where the law affords him a full and adequate remedy. The enquiry, in the present case, then, 'will be, whether the allegations made by the plaintiff in his bill, all of which are admitted to be true by the demurrer, establish a claim for relief, which the courts of common law cannot completely and effectually give. In prosecuting this enquiry,, we will waive the objections which have been urged to the frame of the bill, and assume that it is proper in form, correct as to parties, and suitable as to the relief sought. Giving to the plaintiff, all these advantages, which is certainly as much as he has a right to ash, and more than we are prepared, if it were necessary to admit, we are decidedly of opinion that there is not one of his grounds of complaint upon which he
 
 *117
 
 could’ net hav-e -defended himself at law against any threatened wrong of the defendants.
 

 The first allegation is, that the Wilmington, Charlotte and Rutherford ton Rail Road Company, was never properly or-ganised as a corporation and, therefore, -never had any power or authority to -act as .-such. If that were true, then it could not, as a corporation, compel the plaintiff to pay his subscription, and he might avail himself of the defense at law;
 
 Wilmington and Manchester Rail Road Company
 
 v. Wright, 5 Jones’ Rep. 304.
 

 The .second allegation avers that when the plaintiff made Ms subscription, the company, through its agent, expressly promised that payment of it should not be demanded in money, but that it might be paid in work and materials, to be furnished by him for the construction of the road;; and further:. that his subscription was made -upon the express condition, that the road should be located along a certain designated route, from which the -defendants had wrongfully departed. If there were a valid agreement for the payment o'f the plaintiff’s subscription in work and materials, instead of money, we cannot perceive any reason why he may not plead it at Law against any suit to recover the money. A corporation .is as much bound by its contracts as a natural person, and cannot avoid or evade them, either in Law or Equity. The same may be .said with regard to the violation of any binding stipulation made with the plaintiff with regard to the route of the road. If the departure from the stipulated route were one not sanctioned by the charter, then, indeed, the plaintiff might eotne into a eourt of Equity to enjoin the -defendants from acting contrary to .the provisions of the charter, and to compel it to adopt the route therein prescribed.;
 
 Blackmore
 
 v.
 
 Glamorganshire Canal
 
 Navigation, 6 Eng. Con. Ch. Rep. 544;
 
 Wiswall
 
 v.
 
 Greenville and Raleigh Plank Road Company,
 
 3 Jones’ Eq. 183;
 
 Mayor and Aldermen of Norwich v. The Norfolk Railway Company,
 
 30 Eng. Law and Eq. Rep. at page 144. In this case, the bill is not framed for any such purpose, and there is no prayer that the defendants may be
 
 *118
 
 enjoined from locating and constructing the route through the swamps and across the bed of the Lumber river, as stated in the bill. But, if it were in this respect, properly drawn, the route described, is not such an one as is not within the limits of the charter, and the plaintiff is therefore compelled to rely upon any defense which his own contract with the company may furnish; and that is one, which, taking his own statement to be true, may be availed of at law.
 

 But the most plausible allegation of the plaintiff is that the defendants, after his subscription had been made, procured from the Legislature an amendment to their charter, and, acting under it, had changed the eastern terminus of the road without his consent, and against his wishes, and to the great detriment of himself and others, who had made their subscriptions upon the faith that such terminus would be at one of the points specified in the original charter. Taking this to be true, the plaintiff is clearly released from his obligation to pay the amount of his subscription. He may well say
 
 non haeoi/n federa veni,
 
 and as he has no power to enjoin the defendants in Equity from doing what the Legislature has
 
 expressly
 
 authorised to be done, he may make his defense at Law, when called upon for payment;
 
 Winter
 
 v.
 
 Muscogee Rail Road Company,
 
 11 Georgia Rep. 438;
 
 Middlesex Turnpikc Company
 
 v.
 
 Locke,
 
 8 Mass. Rep. 268;
 
 Same v. Swan,
 
 10 Mass. Rep. 385;
 
 Hartford and New Haven Rail Road Company
 
 v.
 
 Crowell,
 
 5 Hill, (N. Y.) Rep. 386;
 
 The North Carolina Rail Road Company
 
 v.
 
 Leach,
 
 4 Jones’ Rep. 340.
 

 Our opinion, then, is that upon the merits of his case, the plaintiff has failed to show himself entitled to any equity upon which to compel the defendants, or any of them, to answer his bill.
 

 The demurrer must, therefore, be sustained, and! the bill dismissed.
 

 Pee CueiaMj Bill dismissed.