CHARLES GOINGS v. LUDLOW PATTEN *and* ALEXANDER S. CLARKE.

The defendant having pleaded an account stated, may elect to rely, upon the trial, upon the stating of the account, or he may fall back upon the accounts, and show that there is in fact, a balance due him.

It is not inconsistent with the defence of an account stated for the defendants to furnish a copy of the account upon which they meant to rely, in the event of their failure to prove the stating of an account.

But the defendant having refused to deliver a copy of the account within the time which the Code allows after demand made,—*Held*, that he will be deemed to have elected to rely upon the stating of. the account; and on motion, plaintiff is entitled to an order precluding defendant from giving evidence of the accounts upon the trial.

APPEAL by the defendants from an order of the Court at Special Term, granting a motion to preclude evidence being given, upon the trial, of an account set up in the answer.

The Court made a qualified order that " the defendants be precluded from giving any evidence of the account, and the items thereof stated and mentioned in the answer of the defendants served in this action, except so far as may be necessary to establish the single defence of an account stated and settled between the parties, it being alleged, on this motion, that that is the only defence sought to be interposed in this action, and set up in the defendant's answer."

*J. W. Gilbert*, for appellants.

The order appealed from was erroneous.

The Court should have determined whether the answer alleged an account within § 158 of the Code, or not. If an account, time to furnish items should have been given on terms. If not an account, the motion should have been denied entirely.

*D. C. Brown*, for respondent.

Goings v. Patten.

I. The answer of the defendant alleges an account against the plaintiff, within the meaning of § 158 of the Code of Procedure. The motion papers showed that the items, or particulars, of the account, had been demanded a long time before, and that the defendants' attorney refused to furnish them. The proper way to proceed was by way of motion, before the case was called for trial, that the defendants be precluded from giving any evidence of the items of the account. *Kellogg* v. *Payne,* 8 How. Pr. Rep. 329 ; Code, § 158.

II. The attorney for the defendants, on the motion, assumed the ground that the answer did not allege any account in this case, and stated that the defendants relied wholly upon the accounting; and conceded, upon the argument of motion, that all the allegations of the answer by way of account, had reference exclusively to the accounting, and that they intended to give no evidence of account except as the same might be given incidentally in proving the accounting, as alleged in the answer. The counsel should now be. held to his own interpretation of the pleading.

III. The making of the order was a matter of *discretion* exclusively, that cannot be reviewed. The § 158 of. the Code, invests the Court with the discretion to order a Bill of Particulars *in all cases.* The motion in this case appealed to that discretion, and the judge would probably have granted the motion, and ordered a Bill of Particulars to be furnished, if the case was not one of those where the party is entitled to it by merely demanding it, if the attorney had not conceded, as he did, that he should give no proof of any items of the account, except by way of establishing the accounting.

By the Court.—Daly, F. J.—The appellant insists that the judge should have decided whether this was or was not an averment of an account under the 158th section of the Code ; that if it were not, the plaintiff's motion should have been denied, and that if it were, that the defendants should have been allowed time to furnish items upon terms. I do not see that this necessarily follows. A party may fail to establish the stating of an account, but that does not cut him off from any defence he may have upon the unsettled account. The two

Goings v. Patten.

defences are not inconsistent. The statement of an account, says an old case (*Drue* v. *Thorn*, Alleyn R.), "doth not alter the nature of the debt; it only reduceth it to a certainty." It admits the existence of a prior running account; and because a party relies upon the defence, that it was mutually adjusted, and the balance ascertained and fixed, and fails to prove it, he is not thereby precluded from falling back upon the accounts, and showing that there is, in fact, a claim or balance due to him. He would undoubtedly be precluded from doing so if his pleading were so framed as to show that he relied solely upon the defense of an account stated, for that being made the sole issue, the other party might come unprepared to try any other. But a party might always join with an account stated a count for the original debt, and if he failed upon the one, he might recover upon the other, (1 Saunders on Pleading and Evidence, p. 42). In the present case, the Judge appears to have regarded the defendants' answer as entitling them to prove an account stated, which raises an implied promise to pay the sum found, upon the mutual adjustment, to be due, or, failing in that, to show the existence of a mutual account and indebtedness to them arising under it. It would have been entirely consistent with the defence of an account stated, for the defendants to have furnished a copy of the account upon which they meant to rely in the event of their failing to prove the stating of an account. They elected not to do so; and so cut themselves off from the right of giving any evidence to that effect, and limited themselves upon the trial to the proof of an account stated. The defendants having failed to deliver a copy of the account within the time which the Code allows after demand made, the plaintiff was entitled to an order precluding them from giving evidence of it.

It does not appear that the defendants asked for liberty to deliver a copy of their account then, upon terms; but if they had, and the Judge had refused, it was a matter entirely in his discretion, which could not be reviewed upon appeal. The clause in the order that it should not be construed as precluding them from establishing the defense of an account stated, was unobjectionable. It prevented the possibility of any misconstruction upon the trial as to the meaning of the order. As the defendants had precluded themselves from setting up any

other defence, they could in no way be affected injuriously by it.

The order at Special Term should be affirmed.