Virginia and Truckee Railroad Co. *v.* The County Commissioners of Lyon County.

---

# VIRGINIA AND TRUCKEE RAILROAD CO. *v.* THE COUNTY COMMISSIONERS OF LYON COUNTY.

Virginia and Carson City Railroad—Lyon County Railroad Bonds. Where a statute provided for the issuance of the bonds of Lyon County to the Virginia and Truckee Railroad Company, upon its building a first-class railroad from Virginia City to Carson City, running within twelve hundred feet west of Trench's mill in Silver City, (Stats. 1869, 62); *Held*, that the building of a first-class railroad between the cities named, but running twenty-four hundred feet west of Trench's mill, though a branch was built up to within four hundred feet, was not a compliance with the condition of the statute, and would not authorize the issuance of the bonds.

Contract between County and Railroad made by Legislature. Where the Legislature provided that if a railroad should pass a certain point in a certain county, the county should issue its bonds to the railroad company; *Held*, that the statute framed a contract between the county and the company, and that the county could not be obliged to issue its bonds if the road did not pass the point prescribed.

Impracticable Condition Prescribed by Statute. Where a statute prescribed that bonds should be issued to a railroad if it should pass a certain point; *Held*, that to entitle the railroad to the bonds it must pass such point, notwithstanding passing such point might prove to be impracticable.

Substantial Compliance with Condition Prescribed by Statute. Where a statute prescribed that if a railroad should be built through a certain point in

a certain county, such county should issue its bonds to the company; *Held,* that though a substantial compliance with the condition would have been sufficient, it was not a substantial compliance for the road not to pass the point prescribed, though it might pass a point more advantageous for the county and though a branch were run to the point prescribed.

STRICT PERFORMANCE OF CONDITIONS PRECEDENT.   A condition precedent must be strictly performed in every particular, in order to entitle the party, whose · duty it is to perform it, to enforce the contract against the other party.

PRINCIPLE OF STATUTORY CONSTRUCTION.   In construing a statute the duty of a Court is to seek the legislative intent and reach the object sought to be expressed; but in so doing the first step is, if possible, to ascertain the intent from the language used, and if that is clear and unambiguous, inquiry stops.

JUDICIAL POWER OVER CONTRACTS.   A Court has the power to interpret a contract as between parties before it, but not to make a new one for them.

This was an original application in the Supreme Court for a peremptory writ of mandamus against W. Buncher, W. Byron and J. F. Roney, County Commissioners of Lyon County. The facts are stated in the opinion.

*R. S. Mesick,* for Petitioner.

I.  The terms of the statute have been complied with literally as well as substantially, unless they require the road to pass a line drawn west from Trench's· mill and cross that line within twelve hundred feet of the mill.   Such a construction cannot be indulged, because the language of the statute is not clear on this point, even if it can be said to have any meaning at all.   It is so vague and uncertain that it is necessary to give it a meaning by construction, such as the Legislature may be reasonably supposed to have intended.

The intention clearly was that the road should pass through Lyon County by such route as would most benefit the county, but in as close conformity to the point designated as could reasonably be done. Can it be inferred that the Legislature meant arbitrarily to have the road run within twelve hundred feet of Trench's mill on a line west, or have no road at all ?   Taking a literal meaning, the words signify nothing pertinent, plain or useful ; but when given a reasonable, fair and equitable construction, with reference to the obvious purposes of the law, the acts of the company are a substantial

compliance with the law, accomplish its purpose, confer the intended benefit upon the county, and entitle the company to the bonds.

II. The precedents by which cases like this are to be determined require that a strict interpretation shall not prevail; but that a rational and equitable one shall be enforced, by which the County shall deliver her bonds, the Court seeing that an equivalent benefit has been conferred upon it in good faith by the company. (7 Barb. 420; Sedgwick on Cons. Sec. 376; 4 Com., 140; 5 Dutcher, 99; 3 B. & Ald. 266; 8 Mees & Wels. 288 : 7 Vermont, 739; 13 Pick. 284; 3 Cowen, 85, 96; 3 Wheaton, 541; 11 Wheaton, 361; 2 Met. [Ky.] 56; 7 Mass. 457; 15 Mass. 204.)

*Robert M. Clarke*, for Respondent.

I. The Legislature had no power to donate the county's bonds or money. Because an individual can donate money to a railroad it does not follow that he can be compelled to do so; nor does it follow because a county can donate its bonds or money that the Legislature can donate them.

II. The statute is to be treated as a contract between the Legislature, acting for Lyon County, and the railroad company. (2 Redfield on Railways, 428, Note 1; 1 Redfield on Railways, 387, note; 45 Maine, 507.) The completion of the road upon a line to pass not more than twelve hundred feet west of Trench's mill is a condition precedent to the issuance of bonds, and must be strictly performed in every particular in order to enable the company to enforce the issuance of the bonds. (Story on Contracts, Sec. 32, p. 29; 3 Pick. 155; 14 Mass. 266; 5 Pick. 395; 8 Cow. 457; 2 Penn. 454; 9 Mass. 78.)

III. It matters not that the condition may be difficult or foolish; for if it be so, it is the fault of the party who engages to perform it, and he should suffer the consequences. (Story on Contracts, Sec. 32; 2 Parsons on Contracts, 184.)

IV. The Legislature has prescribed the condition upon which the bonds are to issue. The Court will declare what that condition is; but will not make new conditions, or make a new contract between the parties.

V.   The intention of the Legislature was manifestly to make Silver City a point or station on the main line between Carson and Virginia.   This is not accomplished by the branch road, over which special trains only pass.

By the Court, WHITMAN, J.:

The Legislature of this State in 1869 passed a certain statute, in which, among other things, it is provided that " whenever, within eighteen months from the passage of this Act,.the Virginia and Truckee Railroad Company, a corporation existing under the laws of this State, shall have completed the construction of a first class iron railroad from some point within the limits of the city of Virginia to the city of Carson, on the line of a railroad between said cities, which line shall pass a point not more than twelve hundred feet west of Trench's mill, in Silver City, Lyon County, and the same shall be in complete readiness to receive the rolling stock proper therefor, the Board of County Commissioners of Lyon County are hereby authorized and directed to prepare and issue the bonds of said county to the amount of seventy-five thousand dollars, in the form hereinafter specified, and deliver the same to the Virginia and Truckee Railroad Company for its benefit.   *   *   *   *   Immediately after being notified by the company of the fulfillment of the conditions upon which the said bonds are to issue as above stated, the Board of County Commissioners shall proceed to satisfy themselves, by personal inspection or otherwise, of the fact of the performance of said condition ; and on being so satisfied shall, without delay, prepare, issue and deliver the bonds as above directed."   (Stats. 1869, 62.)

Within the prescribed time the company completed its road from Virginia City to Carson City, in a line which passed no point west of Trench's mill in Silver City nearer than twenty-four hundred feet.   Within the same time the company built a branch to a point within three or four hundred feet of said mill.   The defendants, county commissioners, upon personal inspection of the work decided that the condition of the statute, so far as related to their county, had not been performed, and declined to issue the bonds.   This action is to compel them so to do by peremptory writ of mandamus from this Court.

At first impression this matter is so simple that it would be difficult to suggest any reason for the writ. The Legislature framed a contract between Lyon County and plaintiff, and intrusted the commissioners of that county with a special and restricted power, which was, to issue the bonds of the county to the plaintiff, when upon personal inspection, or otherwise, such commissioners should be satisfied of the fact of the performance of the condition precedent to such issuance, which was the passing a point with the line of plaintiff's railroad from Virginia City to Carson City not more than twelve hundred feet west from Trench's mill in Silver City. The commissioners on personal inspection satisfied themselves that the line of the railroad did not pass within twenty-four hundred feet of that point, and consequently refused to issue the bonds. The proposition seems too clear for argument or discussion.

But counsel for plaintiff claim that the condition has been substantially complied with, and to that end offer evidence to prove that to have built the road on a line passing the point named, would have rendered it an impracticable road for working purposes; in other words, as is claimed, not a first class road; and that the point touched is the nearest practicable point.

There is no question of the rule invoked; and did it appear by the excuse made that the condition had been substantially complied with, that is, that the variance was immaterial, this Court would hold the condition performed. But it is not a substantial compliance with a contract to perform another and different matter, and the fact that to have built the road as directed would have been to ruin it, simply proves that the plaintiff agreed to do something which it either could not do, or deemed it better not to do; but it was bound to do that thing substantially before it could claim any performance from defendants.

A condition precedent "must be strictly performed in every particular in order to entitle the party whose duty it is to perform it to enforce the contract against the other party." (Story on Contracts, Sec. 32.) This is the general rule, and applies with as much force to contracts of the nature of the one at bar, as any other. (*Parker* v. *Thomas*, 19 Ind. 213; *Chapman et al.* v. *Mad River & L. E. R. R. Co.*, 6 Ohio, [State] 119; *Middlesex Turn-*

*pike Corporation* v. *Locke*, 8 Mass. 268; *Buffalo C. & N. Y. R. R. Co.* v. *Potter*, 23 Barb. 21 ; Redfield on Railways, 64, Sec. 3.)

It is further proved that the present road is of more benefit to the people of Lyon County than if constructed as prescribed ; and, therefore, the Court is urged to look beyond the letter of the law and assume that the intention of the Legislature was to benefit the people of Lyon County with railroad privileges, but that it was mistaken as to the precise point which the railroad should touch to accomplish the object, and that the point of passage was really merely incidental to the main object. In other words, to take what counsel agree to have been the evident intention of the legislative body, and carry out that, despite the language of the statute.

The duty of every Court in construing a statute is to seek the legislative intent to reach the object sought to be expressed and accomplished ; but in so doing a Court is bound by rules ; it cannot go fishing in the minds of its members or the legislative mind to reach the desired end ; and the first step is, if possible, to ascertain the intent from the language of a statute, and when that is clear and unambiguous, then enquiry stops, because the law says it shall so stop. (*Lewis* v. *Doron*, 5 Nev. 400 ; *Commonwealth* v. *Fitchburg R. R.*, 8 Cushing, 240.)

Where is the ambiguity in the language under consideration ? It is as clear and explicit as possible. It says to plaintiff: If you build your railroad on a line which will pass a certain point, Lyon County shall give you her bonds ; if not, not ; and that is all there is of it. The argument of counsel upon the trial showed the danger of the course proposed ; one suggesting one object, one another ; but the answer to all is, that the language of the statute is so plain that he who runs may read, and puts the primary object of the Legislature beyond dispute. That primary object was, to have the plaintiff's road to pass Trench's mill in Silver City on the west, not more than a specified distance therefrom. What ulterior purpose was to be accomplished—whether to accommodate Silver City, or the mills, or to put taxable property in the county—is simply conjectural, and might have been one thing, or it might have been another ; but guessing is not, or at least should not be, the business of Courts. Had plaintiff built its road through the center of Lyon

County it would perhaps have accommodated more persons than at present ; but would that have been a substantial compliance with the statute ?   No more than if a contractor who had been engaged to build one a wooden house should erect a stone one, and endeavor to force it upon his employer on the plea that it was better in every respect than the one bargained for.

That was not the contract, would be the answer; you are a volunteer.   And so here, the plaintiff did not fulfill its contract, but volunteered to do something else.   The defendants, if private parties with full natural powers, could refuse acceptance ; as special agents, they have no option but to do so.   (*City of Aurora et al.* v. *West et al.*, 22 Ind. 88.)

The whole question involved is, whether building a railroad twenty-four hundred feet from an object named is a substantial compliance with a direction or agreement to build it not more than twelve hundred feet therefrom.

It takes no great amount of law or logic to solve the problem. Of course it is no such compliance, and all suggestions of impracticability of compliance or additional benefit from the deviation are beside the point..   The matter stands as if the Legislature had said to plaintiff: If you, in building your road from Virginia City to Carson City, can pass a certain point, still keeping your road first-class, you shall have seventy-five thousand dollars in Lyon County bonds ; if not, then you must go without them.   The plaintiff failed to make the connection, and must consequently fail to receive the money.

For the commissioners to have taken any other view would have been to exceed their powers.   For this Court to do as asked by plaintiff would be not to interpret a contract, but to make a new one.   No Court has any such power.

The application for the peremptory writ is denied, and the proceeding dismissed at plaintiff's costs.