By the Court.*
Miller, P. J.
The answer of the defendant alleges that he signed the articles of *37 association, and subscribed for the stock, upon an understanding and agreement with the subscribers, that certain conditions stated were to be performed, which were not fulfilled, and that the plaintiff made a change in the location and terminus of the road, with the intent to injure and wrong the defendant and others, residing at White Hall, who were induced to subscribe by the promise and agreement that the road should run to and terminate at the latter point.
The question presented upon these facts, assuming them to be true, is, whether the defendant thereby be-became discharged from all liability to pay his subscription for the stock in question.
The alleged agreement was with the subscribers and not the corporation, and it is difficult to see how an agreement of such a character, made in anticipation and with a view of organizing a railroad corporation, can impair the validity of a written subscription to the capital stock, which is absolute and unconditional upon its face. The admission of evidence to show such an agreement would open a wide door for testimony in violation of the rule that parties who execute any instrument should be held to its terms as indicative of their intentions, and not be permitted to resort to simultaneous declarations or extraneous evidence (P. & S. P. R. R. Co. v. Griffin, 21 Barb., 465).
In The Buffalo & N.Y C. R. R. Co. v. Dudley (14 N. Y., 336), it was held, that an alteration by the legislature, of the company’s charter, whether beneficial to the defendant or not, and a fraudulent representation made by one of the company’s officers at a public meeting, in the presence of a majority of the board of directors, but not in pursuance of any authority from, or resolution of, the board, does not discharge the defendant from liability upon his subscription (See, also, Ang. & A. on Corp., § 540). The case at bar is not as strong as the one cited from 14 N. Y., 336, as the *38 alleged understanding here, was not with any officer of the company, but between the defendant and other subscribers of stock.
The T. & B. R. R. Co. v. Warren (18 Barb., 310), relied upon by the defendant, is not in conflict with th principle laid down in 14 N. Y., and the latter case questions the authority of 5 Hill, 382. The cases in 8 Mass., 268, and 10 Id., 385, which are also relied upon, must yield to the decision of the court of appeals, in 14 N. Y., if they can at all be considered as supporting adverse views.
It follows from these remarks, that any condition affixed to the agreement by the subscribers, limiting their liability, could not change the character or import of the subscription, and was null and void.
The allegation that the terminus was changed with an intent to injure the defendant, can not, I think, affect the right of the plaintiff to recover the amount subscribed by the defendant. Upon what principle the act of a corporation intended to operate injuriously upon its stockholders, can be considered as a defense to an action to recover an amount due upon a subscription, I am unable to determine.
If there is any remedy to prevent an unlawful act, or to compel the performance of duties imposed, it must be in a separate action against the corporation or its officers (Bissel v. Michigan S. & N. I. R. R. Co., 22 N. Y., 275).
I think that the referee erred in holding that the de fendant was precluded from proving the counter-claim set up in the action. Section 158 of the Code provides that “it shall not be necessary for a party to set forth in the pleadings the items of an account therein alleged; but he shalTdeliver the same within ten days,”&c., or 6 ‘ be precluded from giving evidence thereof. The court, or a judge thereof, or the county judge, may order a further account when the one delivered is defective ; and *39 the court may, in all cases, order a bill of particulars of the claim of either party to be furnished.” To preclude the party from giving evidence of an account under this provision, it is necessary, I think, that an order of the court should be made to that effect. It is not within the province of the court to exclude testimony offered as a question of evidence, when the party neglects or refuses to deliver an amended bill of particulars, as required by the court; but an application must be made directly to the court for the purpose of obtaining such an order prior to the time of trial. Such appears to have been the practice, and there is no case which holds that a failure to comply with an order, of itself, precludes the defendant from proving a counter-claim upon the trial (Kellogg v. Paine, 8 How., 329 ; Groings v. Patten, 17 Abb., 339 ; Same v. Same, 1 Daly, 168; Watt v. Watt, 2 Robt., 685).
For the error of the referee last stated, the judgment must be reversed, and a new trial granted, with costs to abide the event.

 Present, Miii,br, P. J., Potter, and Parker, JJ.