DELAWARE FARMERS' MUTUAL FIRE INS. CO. *vs.* WILLIAM WAGNER.

Submitted on briefs Jan. 10, 1894.    Affirmed Jan. 18, 1894.

No. 8427.

Ultra vires insurance by a corporation formed under Laws 1875, ch. 83.

> A mutual insurance company organized under 1878 G. S. ch. 34, §§ 338, 347, and the various amendments thereto, has no power or authority to insure the standing or growing grain of one of its members against loss by hail, and such insurance is *ultra vires.*

Appeal by plaintiff, the Delaware Farmers' Mutual Fire Insurance Company, from a judgment of the District Court of Stevens County, *Calvin L. Brown, J.,* entered July 25, 1893.

The plaintiff was organized as a corporation at Delaware in Grant County on December 3, 1885, under Laws 1875, ch. 83, as amended by Laws 1883, ch. 67, to insure its members against loss or damage by fire, hail or lightning that might happen to detached dwelling houses and their contents, and farm buildings and their contents and hay and grain in bin, stack or mow, and live stock while upon the premises of the assured or running at large, agricultural implements and all other farm property in buildings.

On March 24, 1888, at a meeting of the members of the company they resolved to insure standing grain against hail, and they established a hail department of their business, but they took no steps to amend their articles of incorporation in that respect; (Laws 1885, ch. 185.) On June 27, 1892, the corporation insured the defendant, William Wagner, against loss or damage by hail for the term of three years, on two hundred acres of wheat and oats on his farm in Darnen, Stevens County. In payment therefor he gave the Insurance Company his note for $60 payable as called for by the board of directors. The losses by hail that year were large and on September 9, 1892, the directors called for the full amount of the note. He refused payment and the company commenced this action before a Justice of the Peace to recover the amount. From the judgment of the Justice an appeal was taken on questions of both law and fact,

a jury was waived, a stipulation was made as to the facts and the case submitted March 21, 1893. Findings were made and judgment ordered for the defendant.

*J. W. Reynolds*, for appellant.

It is conceded that when a corporation created under authority of the law is prohibited from engaging in any particular class of business entirely foreign to the purpose of its organization, or contrary to public policy or morality, contracts made in defiance of the prohibition are in all respects void. *National Inv. Co.* v. *National Sav. Co.*, 49 Minn. 517.

The restriction imposed by the statute is a simple inhibition. It does not declare what was done shall be void, nor is any penalty prescribed. The contract is valid as to defendant and he has no right to raise the question of its invalidity. Laws 1875, ch. 83. *Whitney* v. *Wyman*, 101 U. S. 392; *Washburn* v. *Bartlett*, 3 N. Dak. 138.

It having been shown that the plaintiff is a legal corporation, the presumption follows that it has acted within its corporate powers, and the question as to whether its contracts are *ultra vires* cannot be raised collaterally. *Baker* v. *Northwestern G. L. Co.*, 36 Minn. 185. The defendant being a contracting party is estopped by that fact from disputing the corporate authority to make the contract in question. *Scheufler* v. *Grand Lodge*, 45 Minn. 256; *St. Paul Land Co.* v. *Dayton*, 39 Minn. 315; *Minnesota G. L. E. Co.* v. *Denslow*, 46 Minn. 171; *Columbia Elevator Co.* v. *Dixon*, 46 Minn. 463; *Foster* v. *Moulton*, 35 Minn. 458.

If the contract in question were *ultra vires*, and outside of the authority of the articles of incorporation, the plaintiff having assented and become a party to the illegal act, cannot escape liability upon such contract. *Stewart* v. *Erie & W. T. Co.*, 17 Minn. 372; *Merchants' Nat. Bank* v. *Hanson*, 33 Minn. 40; *National Bank* v. *Matthews*, 98 U. S. 621; *National Bank* v. *Whitney*, 103 U. S. 99.

*Stephen A. Flaherty*, for respondent.

Laws 1875, ch. 83, § 10, (1878 G. S. ch. 34, § 34,) provides: No company formed under this act shall insure any property, other than detached dwellings and their contents, and farm buildings and their

contents, and live stock, and hay and grain in the bin or stack. This section was amended by Laws 1885, ch. 67, and ch. 84, and by Laws 1889, ch. 219, and important classes of insurable property added and material modifications made in, this section. But such companies were not authorized to insure growing crops or standing grain, or hay or grain in any place or condition, except in the stack or bin.

From an examination of the laws cited and of the articles of incorporation, it must be plain that when plaintiff undertook to insure growing crops and standing grain it engaged in a branch of business wholly foreign to the purpose of its incorporation, and *ultra vires;* the contract was expressly forbidden by the laws to which plaintiff owes its existence, and as a prohibited, executory agreement, the note is absolutely void and cannot be enforced.

Plaintiff did not come under Laws 1885, ch. 185, because it provides that "any insurance company doing a general fire or marine insurance business may insure against loss or damage by hail, tornado, cyclones or wind storms." Plaintiff was not organized to do a general insurance business of any kind, and could not lawfully be engaged in such business.

When a corporation is prohibited from entering into a particular class of contracts which are therefore illegal, and not simply *ultra vires,* no action can be maintained upon the prohibited contract. *Nassau Bank* v. *Jones,* 95 N. Y. 115; *Central Transp. Co.* v. *Pullman's Palace Car Co.,* 139 U. S. 24; *Rochester Ins. Co.* v. *Martin,* 13 Minn. 59; *National Invest. Co.* v. *National Sav., L. & B. Ass'n,* 49 Minn. 517.

CANTY, J.   1878 G. S. ch. 34, § 338, as amended at various times since its passage, provides that not less than twenty five persons residing in adjoining towns, and owning, collectively, property of not less than $25,000 in value, may form themselves into a corporation for the purpose of mutual insurance against loss or damage by fire, hail, lightning, or storms. Section 347 provides: "Nor shall they insure any property other than detached dwellings and their contents, and farm buildings and their contents, and live stock, and hay and grain in the bin or stack."

The plaintiff corporation was organized under this statute, and the defendant became a member thereof. The amended articles of incorporation specify the hazards to be insured against, and the kinds of property to be insured, as specified in the statute. Neither the statute nor the articles authorize the insurance of standing or growing grain, and the statute, by its terms, expressly forbids it.

Notwithstanding this, the plaintiff organized what is called the "Hail Department" of its business, and went into the business of insuring standing grain against loss by hail. It attempted so to insure the defendant's standing grain, and issued to him a policy purporting to do so. This is a suit brought by it to enforce payment of the premiums or assessments which he agreed to pay for such insurance. The defendant defended on the ground that such insurance was *ultra vires;* beyond the powers of the corporation, and the court below so held, and ordered judgment on that ground for the defendant.

We are of the opinion that such attempted insurance was clearly *ultra vires,* and that the judgment for the defendant should be affirmed. So ordered.

(Opinion published 57 N. W. Rep. 656.)

Submitted on briefs Jan. 10, 1894.    Affirmed Jan. 18, 1894.