MARTIN MOWER *vs.* ISAAC STAPLES and others.

July 9, 1884.

Corporations—Alteration of Charter by State—Acceptance.—Subject to some extent to an exception in favor of the right of the state to amend the charter of a private corporation, under an express reservation of authority to do so, or in the exercise of its police power, the rule is that amendment of such charters, to become binding and effectual, must be accepted on the part of corporators.

Same—Acceptance by Majority of Shareholders.—Alterations in such charters, which are not fundamental, and are authorized by the legislature, may be effectually accepted by a majority of the stockholders; that is to say, by a majority *per capita*, when the right to vote is *per capita*, and by a majority of stock, where each share of the stock is entitled to one vote.

Same—Fundamental Alterations.—Alterations which change the nature and purposes of the corporation, or of the enterprise for which it was created, are fundamental, while those which work no such material change are not fundamental.

Same—Alteration—Increasing Number of Directors.—An alteration of a charter increasing the number of directors from five to nine is not fundamental. It is not a change of the nature, purpose, or character of the company, or of its enterprise, but of the *machinery* by which *that* purpose is to be effected and *that* enterprise carried on. Such alteration may be effectually accepted by a majority of the stockholders.

MOWER v. STAPLES.285.

**Same—Duty of Directors—Rights of Stockholders.**—The directors of a corporation have no right to run the same for the individual benefit of any of their number, to the detriment of the stockholders; and if they do or attempt to do this, the law furnishes a remedy, as in other cases of abuse of trust and disregard of legal duty.

Plaintiff, who is a large stockholder of the Saint Croix Boom Corporation, brought this action in the district court for Washington county, to restrain the defendants, who are stockholders in the same company, from passing any resolution, or doing any other act or thing, signifying the acceptance by the corporation of the amendment to its charter contained in Sp. Laws 1883, *c.* 87, § 1, and to restrain them from increasing the number of directors of the company from five to nine in accordance with the amendment. Plaintiff appeals. from an order by *McCluer,* J., dissolving a temporary injunction.

*Fayette Marsh* and *Geo. F. Sabin,* for appellant, cited *Gashwiler* v. *Willis,* 33 Cal. 11; *Maynard* v. *F. F. Ins. Co.,* 34 Cal. 48; *New Orleans, etc., R. Co.* v. *Harris,* 27 Miss. 517.

*J. N. & I. W. Castle* and *Clapp & Macartney,* for respondents.

BERRY, J.[1] By Sp. Laws 1876, *c.* 230, § 3, it is provided that the board of directors of the St. Croix Boom Corporation shall consist of five members. The section was amended by Sp. Laws 1883, *c.* 87, § 1, so as to provide that the board of directors shall consist of nine members.

The charter of a private corporation being a *contract* between the state and the corporators, and between the corporators themselves, (Morawetz, Priv. Corp. §§ 149, 198,) and therefore constitutionally protected from impairment against the will of the corporators, it is not questioned that, to become binding and effectual, an amendment must be accepted on their part. This general proposition is, to some extent, subject to an exception in favor of the right of the state to amend a charter under an express reservation of authority to do so, or in the exercise of its police power.

The question presented by this case is whether the legislative amendment increasing the directors from five to nine can be effectually ac-

[1] Dickinson, J., because of illness, took no part in this decision.

cepted, so as to become a part of the charter, by a majority of the stock, (each share being entitled to one vote under the charter,) over the objection of a minority. We are of opinion that this question is to be answered in the affirmative. Without exception, so far as we have been able to discover, the courts, and, with a single exception, the text-writers, are agreed that alterations in a charter which are not "fundamental," and are authorized by the legislature, may be effectually accepted by a majority of the stockholders. By a majority of stockholders we understand a majority *per capita*, when the right to vote is *per capita*, and a majority of stock, where, as in the present instance, each share of stock is entitled to one vote. Alterations which materially change the nature and purposes of the corporation, or of the enterprise for the prosecution of which it was created, are *fundamental*, while those which work no such material change are not fundamental.

In support of these propositions we cite the following authorities: *H. & N. H. R. Co.* v. *Croswell*, 5 Hill. 383; *Stevens* v. *Rutland & B. R. Co.*, 29 Vt. 545; *Curry* v. *Scott*, 54 Pa. St. 270; *Kenosha, etc., R. Co.* v. *Marsh*, 17 Wis. 13; Pierce on Railroads, 66 *et seq.*; *Nugent* v. *Supervisors*, 19 Wall. 241; *Everhart* v. *W. C. & P. R. Co.*, 28 Pa. St. 339; *N. H. & D. R. Co.* v. *Chapman*, 38 Conn. 56; *Joy* v. *J. & M. Plank-road Co.*, 11 Mich. 155; *Clearwater* v. *Meredith*, 1 Wall. 25; *Union Locks & Canals* v. *Towne*, 1 N. H. 44; *Martin* v. *Pensacola & G. R. Co.*, 8 Fla. 382; *Witter* v. *M., O. & R. R. R. Co.*, 20 Ark. 463; *Hester* v. *M. & C. R. Co.*, 32 Miss. 378; *Winter* v. *Muscogee R. Co.*, 11 Ga. 438; *Hoey* v. *Henderson*, 32 La. Ann. 1069; *Banet* v. *Alton & S. R. Co.*, 13 Ill. 504; *Zabriskie* v. *H. & N. Y. R. Co.*, 18 N. J. Eq. 178; *Mowrey* v. *I. & C. R. Co.*, 4 Biss. 78; Field on Corporations, §§ 81, 388.

The principle upon which these cases appear to go is that alterations, or, as they are sometimes called, amendments, which do not change the nature, purpose, or character of a corporation or its enterprise, but which are designed to enable the corporation to conduct its authorized business with greater facility, more beneficially, or more wisely, are *auxiliary* to the original object, and that, therefore, when one becomes a stockholder, he impliedly assents that such alteration

or amendment may be made. *Stevens* v. *R. & B. R. Co., supra; N. H. & D. R. Co.* v. *Chapman, supra; Banet* v. *A. & S. R. Co., supra; H. & N. H. R. Co.* v. *Croswell, supra; Kenosha, etc., R. Co.* v. *Marsh, supra; Joy* v. *J. & M. Plank-road Co., supra.* We may add, what appears to be an obvious consideration, that, if no alteration or amendment of a corporate charter can be made, even in matters of administrative detail, or as to the means and agencies through which the corporate enterprise shall be carried on, except with the consent of every stockholder, the result would be not only great public and private inconvenience, but, in many cases, a complete practical failure of the enterprise itself. Certainly this is not in accordance with the understanding nor the practice of the courts, of the profession, or of those who have been engaged in carrying on our great corporate undertakings.

The alteration proposed in the present case, by increasing the number of directors from five to nine, is clearly not fundamental, within the definition above given and sanctioned by the authorities cited. It in no way changes the nature or purpose of the boom company, or of the enterprise for which it was created. It is a change respecting *modus operandi* merely; a change, not of the nature or purpose or character of the company, or of the company's enterprise, but a change of the instrumentalities and agency—the machinery—by which that purpose is to be effected and that enterprise carried on.

*Everhart* v. *W. C. & P. R. Co., supra,* was a case in which a charter amendment providing for the election of three additional managers, *i. e.,* directors, was upheld.

*N. H. & D. R. Co.* v. *Chapman, supra,* was a case of an amendment authorizing two of the directors to be *appointed* by the city of New Haven, a subscriber for stock. *Joy* v. *J. & M. Plank-road Co., supra.*

It is argued that if the four additional directors are elected, it will be in the power of the board to, and the board will, manage the business of the corporation for the private advantage of some of the directors, and against the interest of the corporation and of the stockholders, and particularly of this plaintiff. We see no reason why this might not be done with five, the present number of directors. The plaintiff owns a little over one-third of the shares. Although this

makes him a large stockholder, he is still in the minority. But the danger apprehended is common to all corporations, and the remedy lies, not in withholding the power to make amendments to the charter, but in enforcing the responsibility of the directors for abuse of trust. They have no right to run the corporation for the individual benefit of any of their number, to the detriment of the stockholders; and if they do or attempt to do this, the law furnishes a remedy, as in other cases of abuse of trust or disregard of legal duty. Pierce on Railroads, 43, and cases cited; Ewell's Evans on Agency, 276.

For these reasons we think it is competent for the majority of the stock of the St. Croix Boom Corporation to effectually accept the amendment increasing the number of directors from five to nine, and the order dissolving the temporary injunction obtained is accordingly affirmed.