MERCANTILE STATEMENT COMPANY *vs.* O. C. KNEAL.

Argued Oct. 13, 1892. Decided Nov. 11, 1892.

**Corporations—Amendment of Articles.**

By the provisions found in 1878 G. S. ch. 34, tit. 1, § 4, and title 2, §§ 110, 118, a corporation organized as provided in title 2 is authorized, by a majority vote in number and amount of its shareholders and stock shares, to amend its articles of association, including the article which prescribes the nature of its corporate business in any respect, provided the amendment is germane to the subject-matter of the article to be amended, and could have been lawfully incorporated into the original articles of association.

**A Particular Amendment Held Permissible.**

The amendment adopted by the stockholders of the plaintiff corporation considered. *Held* to have been permissible under the statute above cited.

Appeal by defendant, O. C. Kneal, from an order of the District Court of Hennepin County, *Pond*, J., made April 19, 1892, refusing a new trial.

This action was brought by the plaintiff, Mercantile Statement Company, a corporation, to recover of the defendant the sum of $1,560, the amount of assessments made on stock of the plaintiff owned by him. On the trial, a verdict was directed for the plaintiff. From an order denying his motion for a new trial, defendant appeals.

*James A. Kellogg,* for appellant.

The change in the business of the corporation made by the amendment, was a material and radical one. It was embarking in a new business. A change in the original law of a body corporate absolves nonassenting stockholders from liability to the corporation. Cook, Stock. § 502; 1 Beach, Corp. 107; *Clearwater* v. *Meredith*, 1 Wall. 25; *Ashton* v. *Burbank*, 2 Dillon, 435; *Railway Company* v. *Allerton*, 18 Wall. 233.

*F. B. Wright,* and *George D. Emery,* for respondent.

The statute gives a majority of the stockholders of a corporation the right to amend its articles in any respect which might have been

lawfully made part of the original articles. 1878 G. S. ch. 34, § 118; Morawetz, Corp. § 121; *Jones* v. *Morrison,* 31 Minn. 140; *Nugent* v. *Supervisors,* 19 Wall. 241.

The change made by the amendment was an auxiliary or incidental change, consistent with the original plan, and therefore not available to the appellant by way of defense to this action. *Mower* v. *Staples,* 32 Minn. 284; Cook, Stock. § 499.

COLLINS, J. There is really but one question in this case, and that as to the effect of the changes in the articles of incorporation made at a regular annual meeting of plaintiff's stockholders held on July 1, 1890. The plaintiff was organized in 1888, under and by virtue of the provisions of 1878 G. S. ch. 34, tit. 2. The name given it as organized was "The Credit Guarantee Company," and, according to its articles of incorporation, the general nature of its business was "guarantying to merchants, manufacturers, and all other persons or corporations engaged in mercantile or manufacturing business, or both, the credit of persons or corporations to whom or to which they may sell goods, wares, or merchandise, or the product of their own manufactories." The corporation was also authorized to make collections, to loan money, to buy or sell real property, to buy, sell, and indorse promissory notes, bills of exchange, bonds, etc., and to transact all other lawful business allowed by statute. At the shareholders' meeting before mentioned, the name of the corporation was changed to that of "The Mercantile Statement Company," but of this no complaint is made. The change alleged by appellant to have been material, and to have absolved him, as a nonassenting stockholder, from further assessment or liability on account of his shares of stock,—on which but ten per cent. of their par value had been paid,—was in that part of the articles above quoted relating to the business of the corporation. This was amended so that the general nature of its business was specified to be "making reports upon the financial condition and standing of persons and corporations, and to furnish the same to any and all persons or corporations who may apply to the company therefor," as well as guarantying the credit of persons and corporations to whom goods, wares, and

merchandise were sold by merchants and manufacturers. It will have been seen that prior to the amendment the corporation was, among other things, duly authorized to guaranty the credit of business men, and that the effect of the change in its articles was to authorize it to make commercial reports, for which it was to receive a compensation from applicants for the same.

The pertinent inquiry, then, is whether the change was permissible, under the statutes authorizing the creation and regulating the management of corporate bodies. By the provisions found in chapter 34, *supra*, section 4 of title 1, and section 110 of title 2, the plaintiff was expressly authorized to amend the article in which was set out and stated the nature of its business as fully and to the same extent that it could have amended any other article; while by the terms of section 118, tit. 2, it was given power, by a majority vote in number and amount of its shareholders and shares, to amend any of its articles of incorporation "in any respect which might have been lawfully made a part of" the original. The lawmakers expressed themselves rather awkwardly when using the words last quoted, but from the language it is obvious that if the proposed amendment was germane to the subject-matter of the article on which it was to be ingrafted, and could have been lawfully incorporated into the original articles of association, there was no obstacle in the way of its adoption by a majority of the shareholders, both numbers and amount or value of the shares held to be considered. Thus adopted, it became a part of the articles under which the business of the plaintiff was conducted. No argument is necessary to show that the change in question, of which appellant complains, was within the spirit and the letter of the statute, and no point can well be made as to the regularity of the manner in which the amendment was voted and adopted.

There is nothing in the claim made that appellant's stock was nonassessable. Should we concede that a corporation may dispose of its stock for less than face value, and the transaction, as between it and the purchaser, be valid, thus rendering the stock nonassessable as between the parties, it is clear, from appellant's own testimony, that his shares of stock were purchased from stockholders,

and not from the corporation; and, of course, the corporation would not be bound by any agreement of this nature between the shareholders.

Order affirmed.

(Opinion published 53 N. W. Rep. 632.)