# STATE EX REL. v. MORTGAGE SECURITY COMPANY OF MINNESOTA, INC., AND ANOTHER.[1]

February 9, 1923.

No. 23,014.

Rights and liabilities of stockholders in corporation.
1. The charter of a corporation evidences the contract by which the stockholders, by becoming such, consent to be bound, and their rights and liabilities are measured and determined thereby.

Stockholders not liable for indebtedness in excess of permitted amount.
2. The charter provision limiting the amount of indebtedness which the corporation is permitted to incur is, in part, for the protection of the stockholders, and they cannot be held personally liable for debts of the corporation beyond that amount.

[1]Reported in 192 N. W. 348.

**Stockholder not estopped from denying liability for corporate debt.**
    3. The fact that the corporation may be estopped from denying liability for debts which it was prohibited from contracting, does not estop the stockholder from denying personal liability therefor.

**Ratification of ultra vires contracts must be unanimous.**
    4. It requires the unanimous approval of the stockholders to ratify ultra vires contracts of·the corporation.

**Individual liability of stockholder for prohibited debt.**
    5. Any liability that may exist against officers or stockholders individually on account of the part they took in contracting prohibited debts, is outside and distinct from their liability as stockholders.

**When order levying assessment is appealable.**
    6. Where the court makes an order levying an assessment, in part, for debts for which the stockholders claim that they are not liable, they may have the ruling reviewed on an appeal from the order.

A. B. Darelius petitioned the district court for Hennepin county that it ascertain the probable amount of indebtedness of respondent corporation and levy a ratable assessment upon each share of stock. The matter was heard by Dickinson, J., who ordered an assessment equal to the par value of each share of capital stock. From an order, Montgomery, J., denying their motion to set aside the order levying an assessment on the stock, Grace M. Herber, administratrix, Michael Reiser, Anthony J. Adams and A. B. Swain, appealed.

    *W. L. Hursh,* for appellants.

    *Morphy, Bradford & Cummins* and *Paul J. Marwin,* for respondent.

TAYLOR, C.

This is a proceeding by the receiver of the Mortgage Security Company to enforce the constitutional liability of the stockholders of the company for the debts of the company. The articles of incorporation authorized the company to issue 10,000 shares of common stock and 10,000 shares of preferred stock, each of the par value of $50, amounting in the aggregate to the sum of $1,000,000. It actually issued 5,992 shares of common stock of the par value of $299,600, and 6,012 shares of preferred stock of the par value of

$300,600. The articles of incorporation limited the amount of indebtedness to which the corporation should at any time be subject to the sum of $100,000. The debts proved and allowed against the corporation in this proceeding exceed $900,000. The entire assets of the corporation other than the amounts which may be collected from the stockholders will not exceed $200,000. The court made an assessment against the stockholders of the par value of each and every share of stock both common and preferred. Certain of the stockholders, on behalf of themselves and all other stockholders, made an application to vacate the order levying the assessment and for a rehearing and reconsideration of the matters determined by the order. The application was denied and they appealed.

The statute requires the certificate of incorporation to specify "The highest amount of indebtedness or liability to which the corporation shall at any time be subject." G. S. 1913, § 6147. Pursuant to this requirement the certificate in question provides that "the highest amount of indebtedness or liability to which this corporation shall at any time be subject shall be the sum of one hundred thousand dollars."

The assessment was made on the theory that the limitation on the power of the corporation to incur debts was not a limitation on the liability of the stockholders, and that they are liable, up to the par value of their stock, for the full amount of the indebtedness outstanding. The stockholders contend that the limitation on the power to incur debts was placed in the charter, in part, for their protection; that the corporation could not lawfully incur debts beyond the specified amount; and that they cannot be held personally liable for more than that amount. So far as we are aware, this precise question has not been presented to this court heretofore, although questions which bear upon it have been considered frequently.

The charter of a corporation consists of the certificate or articles of incorporation together with the laws under which it was organized. The charter evidences the contract by which the stockholder, by becoming such, consents to be bound. It measures and determines his rights, obligations and liabilities, and also the nature and

extent of the powers conferred on the corporation, and defines and limits the field of corporate activities. 1 Dunnell, Minn. Dig. § 1992, and citations; 7 Am. & Eng. Enc. 695, and citations; 14 C. J. 161, 843. The charter provisions limiting the amount of indebtedness which a corporation may incur forms a part of the contract between the corporation and its stockholders, and marks the limit of the power given to the corporation to contract debts as the representative of the stockholders. The corporation may lawfully incur debts, for authorized purposes, so long as the total indebtedness is kept within the prescribed limit, and the stockholders are bound by the contracts creating such debts, but the corporation cannot lawfully incur debts which carry the total indebtedness beyond the prescribed limit, and contracts creating such debts are ultra vires and not binding on the stockholders.

It is true that the law will not permit a corporation, which has received and had the benefit of money or property acquired through an ultra vires contract, to interpose its want of power to make the contract for the purpose of defeating payment of the debt which it assumed to incur. But this rule rests on the broad principle that no one shall be allowed to enrich himself at the expense of another through his own wrongful act, and does not give validity or effect to the contract except to the extent necessary to protect other parties. Auerbach v. Le Sueur Mill Co. 28 Minn. 291, 9 N. W. 799, 41 Am. St. 285; Delaware F. M. F. Ins. Co. v. Wagner, 56 Minn. 240, 57 N. W. 656; Bell v. Mendenhall, 78 Minn. 57, 80 N. W. 843; Kraniger v. People's Bldg. Soc. 60 Minn. 94, 61 N. W. 904; Erb v. Yoerg, 64 Minn. 463, 67 N. W. 355; Davis v. National Casualty Co. 115 Minn. 125, 131 N. W. 1013; Northland Produce Co. v. Stephens, 116 Minn. 23, 133 N. W. 93. Such ultra vires contracts can be ratified and validated only by the unanimous consent of the stockholders. Kraniger v. People's Bldg. Soc. 60 Minn. 94, 61 N. W. 904; Olson v. Warroad M. Co. 136 Minn. 310, 161 N. W. 713; Fergus Falls W. M. Co. v. Boyum, 136 Minn. 411, 162 N. W. 516, L. R. A. 1918A, 919. The Constitution provides:

Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or me-

chanical business, shall be liable to the amount of stock held or owned by him.  Article 10, § 3.

This provision creates a liability, contractual in its nature, which the stockholder assumes by becoming a stockholder.  Hanson v. Davison, 73 Minn. 454, 76 N. W. 254; 14 C. J. 973, and cases there cited.

Stockholders in corporations organized to carry on an exclusively manufacturing or mechanical business are not subject to this liability, but stockholders in all other corporations are subject to it. Many cases have arisen involving the question whether the business carried on by a corporation was such as to subject its stockholders to this liability, and it has uniformly been held that this question must be determined solely by the powers given the corporation in its charter.  If the business to be carried on, as set forth in the charter, might include something not strictly within the field of a manufacturing or mechanical business, it is settled that the stockholders are subject to this liability.  Oswald v. St. Paul Globe Pub. Co. 60 Minn. 82, 61 N. W. 902; St. Paul B. Co. v. Minneapolis D. Co. 62 Minn. 448, 64 N. W. 1143; Gould v. Fuller, 79 Minn. 414, 82 N. W. 673; Merchants' Nat. Bank v. Minnesota Thresher Mnfg. Co. 90 Minn. 144, 95 N. W. 767; Meen v. Pioneer Pasteurizing Co. 90 Minn. 501, 97 N. W. 140; Graff v. Minnesota Flint Rock Co. 147 Minn. 58, 59, 179 N. W. 562.  And this is true, although the corporation in fact confined its business exclusively to manufacturing. Arthur v. Willius, 44 Minn. 409, 46 N. W. 851; First Nat. Bank v. Winona Plow Co. 58 Minn. 167; 59 N. W. 997; Merchants Nat. Bank v. Minnesota Thresher Mnfg. Co. 90 Minn. 144, 95 N. W. 767. On the other hand, if the business to be carried on, as set forth in the charter, did not extend beyond manufacturing, it is settled that the stockholders are exempt from the constitutional liability, even if the corporation in fact engaged in other business.  Nicollet Nat. Bank v. Frisk-Turner Co. 71 Minn. 413, 74 N. W. 160, 70 Am. St. 334; Senour Mnfg. Co. v. Church P. & F. Mnfg. Co. 81 Minn. 294, 84 N. W. 109.  Persons dealing with a corporation are bound to take notice of the powers given, and of the limitations imposed, by its charter.  1 Dunnell, Minn. Dig. § 2017, and citations.

In Ward v. Joslin, 186 U. S. 142, 22 Sup. Ct. 807, 46 L. ed. 1093, the Supreme Court of the United States had under consideration the provision of the Kansas Constitution making stockholders personally liable for the debts of the corporation. In that case the corporation, for a valuable consideration, had guaranteed the payment of the notes of a third party and a judgment had been recovered against the corporation on its guaranty. An execution issued on the judgment was returned nulla bona, and thereafter the creditor sought to enforce the liability imposed on stockholders by the Constitution. It was held that the corporation had not been given power to guarantee such notes; that its act in guaranteeing them was ultra vires; and that its stockholders were not personally liable for obligations which it had no right to incur. The Kansas Constitution (Art. 12, § 2) provided:

Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder.

After observing that the word "dues" is equivalent to "debts or that which is owing" and has a contractual significance, the court says [186 U. S. at page 151]:

Can an obligation which a corporation had no right to incur be a contractual obligation and the basis of 'dues', as that word is used in the State Constitution? We do not think so. It appears to us that it was not intended by that instrument to impose individual liability on stockholders in respect of risks which they had not undertaken.

One of the grounds on which the doctrine of ultra vires rests, is that the interest of the stockholders ought not to be subjected to such risks. Rights of stockholders must be considered as well as those of creditors, and they should not be held directly liable unless such liability was within their contract in legal contemplation. * * *

If, however, under the State decisions, the corporation would be held estopped from denying the liability, it does not follow that the stockholders must therefore be held liable, if the obligation was in

fact incurred without authority. In other words, alleged liabilities incurred without authority, and which do not come within the meaning of the word 'dues', as used in the State Constitution, cannot be properly treated as brought within the scope of that word, simply because the corporation may be so situated as to be estopped from denying their validity.

The court then held that the stockholder could go behind the judgment so far as to show that it was rendered on a contract beyond the power of the corporation to make, and concluded by saying [at page 153]:

As then the provision of the constitution of the State of Kansas, if properly construed, imposes the liability in question only in respect of corporate indebtedness lawfully incurred, that is to say, in respect of dues resulting in regular course of business and in the exercise of powers possessed, plaintiff cannot recover in this action by virtue of the constitution and laws of the State, on the facts found, and the judgment must be affirmed.

The doctrine of Ward v. Joslin is recognized and applied in Assets Realization Co. v. Howard, 70 Misc. (N. Y.) 651, 655, 127 N. Y. Supp. 798, and Leighton v. Leighton Lea Assn. 74 Misc. 229, 131 N. Y. Supp. 561.

The receiver cites cases holding that, where a corporation became a stockohlder in another corporation with the knowledge and consent of all its own stockholders, or where after becoming such stockholder it had received the profits from such stock for an extended period with the knowledge and consent of its stockholders, the corporation could not avoid the liability of a stockholder by showing that in acquiring such stock it exceeded the powers conferred by its charter. Hunt v. Hauser Malting Co. 90 Minn. 282, 96 N. W. 85, and Olson v. Warroad Merc. Co. 136 Minn. 310, 161 N. W. 713, are of this sort. The question here presented was not involved in those cases.

The case cited which goes the farthest in support of the contention of the receiver is Kipp v. Miller, 47 Colo. 598, 108 Pac. 164, 135 Am. St. 236. In that case a state bank had established two branches

and operated them for about eight years, and then became insolvent and made an assignment.  Creditors proceeded to enforce the statutory liability of the stockholders.  It was urged in behalf of the stockholders that the action of the bank in establishing the branches was ultra vires, and that they were not liable because the claims agianst the branches were included in the amounts sought to be enforced against them.  The court held that assuming that the action of the bank in organizing and operating the branches was ultra vires, they had been operated in such a manner and for such a length of time that it must be deemed to have been done with the knowledge and acquiescence of all the stockholders, and that having knowingly shared the profits for 8 years they would not be permitted to avail themselves of the defense of ultra vires.  The court distinguished Ward v. Joslin on the ground that the transaction involved in that case was an accommodation guaranty of the paper of a third party from which the corporation derived no benefit, seemingly overlooking the fact that there was an express finding in that case that the guaranty was given for a valuable consideration:

All persons dealing with a corporation are charged with notice of the provisions of its charter.  The charter prescribes, defines and limits the powers conferred on the corporation, and measures and determines in what manner, to what extent and for what purposes, the stockholders, by becoming such, have consented to be bound by the acts of the corporation.  It is the general rule, uniformly followed in this state so far as cases involving it have arisen, that the liabilities of the stockholders are fixed and determined by the provisions of the articles of incorporation.  To hold that the stockholders are personally liable for debts to an unlimited amount, although, in obedience to the command of the statute, they had specified in the articles of incorporation the highest amount of indebtedness to which the corporation should at any time be subject, would impose upon them liabilities they did not intend to assume, and would create rights in the creditors which they had no right to expect or rely upon.  And we reach the conclusion that the limitation placed on the amount of indebtedness which a corporation may lawfully incur, measures and limits the amount for which its stock-

holders are personally liable; and that as the Mortgage Security Company could lawfully incur debts to the extent of $100,000 and no more, the stockholders of that company can be held personally liable for its debts to the extent of $100,000 and no more.

It may not be amiss to note that laws imposing such liabilities are generally regarded in other states as unsatisfactory in their results, except in the case of banks, and that few such laws now exist. See Minn. Law Review for January, 1923.

If a corporation should contract debts in excess of the prescribed limit with the knowledge and consent of all its stockholders, or if its action in contracting debts beyond such limit should be approved and ratified by all of the stockholders, with full knowledge of the facts, the stockholders might be personally liable for the full amount of such indebtedness, but this question is not involved in the present case, and is left to be decided when a case involving it shall arise.

The question here considered does not involve or affect the individual liability which may exist against those responsible for incurring the prohibited indebtedness. Any such liability which may exist against either officers or individual stockholders on account of the part they took in the ultra vires transactions is outside and apart from the liability created by the Constitution.

The receiver insists that the claim that the stockholders are not personally liable for debts contracted in violation of the charter cannot be determined at this stage of the proceedings, but should be asserted in the suit to collect the assessment. The stockholders reply that they will not be permitted to make such a claim in that suit, and must assert it at the hearing on the application for the assessment or not at all.

The statute provides that the order making the assessment "shall be conclusive as to all matters relating to the amount, propriety and necessity of the assessment." G. S. 1913, § 6647.

When sued for the assessment the stockholder may interpose any defense personal to himself, but is barred from attacking the assessment as either unnecessary or excessive. Straw & E. Mnfg. Co. v. L. D. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36; Swing v.

Humbird, 94 Minn. 1, 101 N. W. 938; Neff v. Lamm, 99 Minn. 115, 108 N. W. 849; Finch, Van Slyck & McConville v. Vanasek, 132 Minn. 9, 155 N. W. 754; Marin v. Augedahl, 247 U. S. 142, 38 Sup. Ct. 452, 62 L. ed. 1038.

Whether any way is open to the stockholder to secure the benefit of the charter limitation upon his liability in proceedings subsequent to the order levying the assessment, it is not necessary to determine. The statute provides that in making the assessment the court shall consider, among other things, the nature and probable extent of the indebtedness of the corporation, and the nature and extent of the liability of the stockholders. G. S. 1913, § 6646. By the express command of the statute the extent of the liability of the stockholders is to be taken into consideration. Where the maximum amount for which they can be held liable is definitely fixed, an assessment based on the assumption that a sum far in excess of that amount is to be collected from them does not give proper effect to this requirement. Because many of the relevant facts cannot be determined with any degree of certainty at the hearing, the court must, of necessity, act largely on probabilities. But as the stockholders cannot question the amount of the assessment after it has been made and are required to pay their proportional part of it, they have the right to insist that debts for which they are not liable shall be excluded from consideration in fixing such amount. If, through an erroneous view of the law, the court levies an assessment to cover not only the indebtedness for which the stockholders are liable, but also a large indebtedness for which they are not liable, they have no adequate redress except by appeal. The order is appealable as a final order involving a substantial right, and the ruling may be reviewed on such appeal. London & N. W. A. M. Co. v. St. Paul P. I. Co. 84 Minn. 144, 86 N. W. 872; Potts v. St. Paul Athletic Park Assn. 84 Minn. 217, 87 N. W. 604.

The court will levy an assessment in such amount as it deems necessary in order to secure sufficient funds to pay the indebtedness for which the stockholders are liable, together with the necessary expenses.

Order reversed.