## WEST DULUTH LAND COMPANY v. NORTHWESTERN TEXTILE COMPANY.
## WILDEY H. MITCHELL, RECEIVER.[1]

March 15, 1929.

No. 27,132.

*Washburn, Bailey & Mitchell,* for appellant.

*Fryberger, Fulton & Boyle,* for respondents W. J. Power and the heirs of J. W. Sheridan.

*Charles E. Adams,* for respondent American Exchange National Bank as representative of the estate of William K. Stack.

*Courtney & Courtney,* for respondents Anna J. and Don J. MacDonald.

HILTON, J.

Appeal from an order denying the petition of the receiver of defendant corporation for a determination and making of an assessment on stockholders.

Defendant, a Minnesota corporation, organized on June 17, 1914, is insolvent and in the hands of a receiver. Its articles of incorpor-

[1]Reported in 224 N. W. 245.

ation stated that it was organized under R. L. 1905, c. 58, as a manufacturing and mechanical corporation and that its business was to be the manufacture of certain named commodities. The articles contained no provision for amendments thereto. The trial court, after taking considerable evidence, held that defendant had no authority to amend its articles so as to include the doing of a mercantile and trading business and denied the petition solely on that ground.

A special meeting of the corporation was called on March 25, 1919, for the amendment of its articles; notices were mailed to the stockholders of record, but one of them (Sheridan) had died nine months before, and his heirs were not given notice of the meeting and none of them attended in person or by proxy, either at that meeting or at the annual meeting held January 28, 1920. At the special meeting, 316 shares out of 466 were represented. If the proposed amendment above referred to was authorized by law and could be made in the manner in which it was made, the same having been filed, recorded and published as required by law, it became a part of the articles of incorporation of said corporation. At the annual meeting, duly called and held, 530 shares were outstanding, of which 461 were represented by stockholders present or by proxy. At that meeting the amendment made at the special meeting was approved and ratified.

The foregoing constitutes in substance the findings of the trial court. There is no settled case. On the record here, the findings of the court are presumed to be correct. Prior to the adoption on November 5, 1872, of an amendment to art. 10, § 3, of our state constitution, stockholders in a corporation were subject to a double liability. As amended, it read and does now:

"Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him."

Two distinct kinds of corporations for profit are referred to, one with so-called stockholders' double liability and the other without.

The articles of incorporation of defendant, together with the applicable laws at the time of its incorporation, constitute the contract entered into by the stockholders and establish their rights, obligations and liabilities, and the corporation's powers, express and incidental. Acts in excess of these are ultra vires. State ex rel. Hilton v. Mortgage Sec. Co. 154 Minn. 453, 192 N. W. 348, and cases cited.

L. 1873, p. 121, c. 11, was enacted for the purpose of carrying into effect the constitutional immunity provision relieving stockholders of manufacturing and mechanical corporations from double liability. State ex rel. Clapp v. Minnesota T. Mfg. Co. 40 Minn. 213, 41 N. W. 1020, 3 L. R. A. 510.

L. 1875, p. 53, c. 17, provided for amendments of the articles of such corporation "in any respect which might have been lawfully made a part of such original articles." A provision permitting any business, other than manufacturing and mechanical, of such a corporation could not have been in the original articles. State ex rel. Clapp v. Minnesota T. Mfg. Co. 40 Minn. 213, 41 N. W. 1020, 3 L. R. A. 510. L. 1873, p. 121, c. 11, was amended by L. 1879, p. 22, c. 8, by providing that no such new or amended articles shall "change the general nature of its business."

R. L. 1905, § 2871, permits amendments "which an original cer-·tificate of a corporation of the same kind might lawfully have contained." It was not the purpose to thereby make a change in the preceding law. Report of Statute Rev. Comm. 1905, p. 24. This same provision appeared in L. 1913, p. 338, c. 247, now found as G. S. 1923, § 7472. We agree with the trial court in holding that the words "of the same kind" preclude an amendment of the articles of the defendant corporation as was attempted. It is likely that the proposed amendment was so material and fundamental as to be invalid; if so it violated the contract entered into. An impairment of this contractual relation cannot be had even by legislation. 1 Thompson, Corp. (3 ed.) §§ 399, 400; 6 Fletcher, Cyc. Corp. §§ 4139, 4146.

In State ex rel. Hilton v. Mortgage Sec. Co. 154 Minn. 453, 192 N. W. 348, it was held that a unanimous vote was necessary to vali-

date ultra vires acts of a corporation. An ultra vires amendment of the articles of incorporation is of even more serious moment. There was no unanimous vote. The two kinds of corporation were taken care of separately by amendments after 1873. There has been a manifest intent shown by the legislature to promote and foster manufacturing and mechanical corporations and to safeguard and protect a stockholder from a loss of his constitutional immunity from double liability (his contract right) whether the proposed amendment carried by a vote of 51 or 99 per cent of the stock.

The suggestion of the receiver, that because the articles of incorporation stated that it was being formed under R. L. 1905, c. 58, and not under the particular provisions thereof relating exclusively to manufacturing and mechanical corporations, it therefore was not such a corporation, is not sound. Chapter 58 included all the statutory law relative to all corporations. Defendant was incorporated thereunder, and the preamble and § 1 of the articles expressly limit its purposes and operations to that business.

The petition states that on August 10, 1922, certain of the stockholders agreed that they should each pay $118.60 per share on the stock owned by them "to or for said corporation, on account of its business and obligations and to the end of liquidating the same." This so-called assessment was paid by a majority in amount of the stockholders, either in cash or by canceling indebtedness of the company to them, the latter constituting a large portion of such assessment. The proceeding here by the receiver is to require those who did not pay that assessment to do so and to levy such further assessment as may be necessary on all the stock of said company.

The only assignment of error is that the court erred in denying the petition of receiver for the determination and making of an assessment on stockholders of the Northwestern Textile Company and directing the payment of the amount as assessed to such receiver. We hold, and that is the only question before us, that it was beyond the power of the corporation, at least without the unanimous vote of all the stockholders, to amend its articles as was attempted.

Order affirmed.