## MIDLAND CO-OPERATIVE WHOLESALE v. RANGE CO-OPERATIVE OIL ASSOCIATION.[1]

August 20, 1937.

No. 31,171.

*Gillette & Meagher,* for appellant.

*J. W. Huhtala* and *Edward W. Peterson,* for respondent.

PETERSON, JUSTICE.

Action to recover $745.31 for goods sold and delivered. Defendant is a member of the plaintiff coöperative corporation and counterclaimed for $1,721.81, the value of its stock membership in the

[1]Reported in 274 N. W. 624.

plaintiff and the amount of certain participation dividends due to it. Defendant's claim for recovery of these items is predicated on the exclusion of defendant by plaintiff because of defendant's alleged noncompliance with an amendment of the articles of incorporation. Two questions are presented, the validity of a certain amendment to the articles of incorporation of plaintiff, and whether defendant consented to the same by its conduct.

■ Plaintiff is a coöperative association incorporated under 2 Mason Minn. St. 1927, §§ 7822 to 7859-11, as amended by L. 1933, c. 148, 3 Mason Minn. St. 1936 Supp. §§ 7834, 7836. Such an association may be organized for the purposes, among others, "of conducting any * *. * marketing, * * * building, * * * mining, * * * manufacturing, or any mechanical, mercantile or any other lawful purpose, upon the coöperative plan." 2 Mason Minn. St. 1927, § 7834. Plaintiff was organized as a wholesale oil coöperative association, the purpose of which is stated to be "to conduct a wholesale enterprise on the coöperative plan for the buying, selling and distributing of such commodities as are required in the business of operating and maintaining gasoline service stations and oil truck service." The articles of incorporation provide that they may be amended "as provided by law." This restricts the right of amendment to that provided by the statute. 2 Mason Minn. St. 1927, § 7844, provides that the articles of incorporation of any coöperative association organized under the laws under which plaintiff is organized may be amended so as to change the name or title, to increase or diminish its capital stock, or to change the number and par value of shares of capital stock, or "in respect to any other matter which the original articles of incorporation of the same kind might lawfully have contained."

An amendment was adopted by plaintiff of the purposes of the association by adding thereto the following: "Also any mercantile, jobbing, wholesale and retail, mining, manufacturing or mechanical business on the coöperative plan, and it may buy, sell, and deal in the products of any other coöperative company or association heretofore or which may be hereafter organized." It was adopted in the manner provided by § 7844. Defendant claims the amendment

540

is unauthorized by law and illegal upon the grounds that it is not within the scope of the reserved power to amend the articles of incorporation in that the amendment accomplishes fundamental and radical changes by entirely changing the nature and scope of the plaintiff corporation. Plaintiff claims that, inasmuch as the statute authorizes the incorporation of a coöperative association with the powers and for the purposes stated in the amendment, an association may amend its articles of incorporation so as to include the same.

The articles of incorporation are the charter of a corporation and, subject to the constitution and laws of the state, its fundamental and organic law. Bergman v. St. Paul Mut. Bldg. Assn. 29 Minn. 275, 278, 13 N. W. 120. It is a contract between the state and the corporation and among the corporators *inter se*. Mower v. Staples, 32 Minn. 284, 20 N. W. 225, 226. It evidences the contract by which a stockholder binds himself. It measures and determines the nature and extent of the powers of the corporation and defines and limits the field of corporate activities and the rights, obligations, and liabilities of the stockholders. State ex rel. Hilton v. Mortgage Security Co. 154 Minn. 453, 192 N. W. 348; Mercantile Statement Co. v. Kneal, 51 Minn. 263, 53 N. W. 632; Bergman v. St. Paul Mut. Bldg. Assn. 29 Minn. 275, 13 N. W. 120; Mower v. Staples, 32 Minn. 284, 20 N. W. 225. The charter cannot be amended without the consent or acquiescence of all the stockholders unless the power of amendment is reserved. The power to amend may be reserved by the constitution, statutes, or articles of incorporation. The reserved power to amend must be exercised within the limits of the reservation. Maclaren v. Wold, 168 Minn. 234, 210 N. W. 29, 55 A. L. R. 321; *Id.,* 172 Minn. 334, 215 N. W. 428, 55 A. L. R. 321; Shields v. Ohio, 95 U. S. 319, 24 L. ed. 357; Wright v. Minnesota Mut. L. Ins. Co. 193 U. S. 657, 24 S. Ct. 549, 48 L. ed. 832; Chicago M. & St. P. R. Co. v. Wisconsin, 238 U. S. 491, 35 S. Ct. 869, 59 L. ed. 1423, L. R. A. 1916A, 1133; Coombes v. Getz, 285 U. S. 434, 52 S. Ct. 435, 76 L. ed. 866. If the reservation is general and not limited in terms, the reserved power of amendment does not permit a change so fundamental as to change the nature and purposes of

the corporation. It does not comprehend change to such an extent as to make an entirely different kind of corporation. Mower v. Staples, 32 Minn. 284, 20 N. W. 225; 14 C. J. p. 188; 7 Fletcher, Cyc. Corporations (Perm. ed.) pp. 886-887, § 3718; 1 Thompson, Corporations (3 ed.) § 400; Perkins v. Coffin, 84 Conn. 275, 79 A. 1070, Ann Cas. 1912C, 1188, and note, 1203. The statute permitting amendments clearly implies that the amendments should not change the nature or character of the business. It provides that the amendment may be in respect to matters which the original articles of incorporation *of the same kind* might lawfully have contained. The words "of the same kind" are a limitation upon the power of amendment and indicate that after the amendments have been made the corporation must still be of the same kind it was originally. The statute does not authorize fundamental changes. West Duluth Land Co. v. Northwestern Textile Co. 176 Minn. 588, 224 N. W. 245. The language of § 7844 is almost identical with 2 Mason Minn. St. 1927, § 7472. The former relates exclusively to coöperative associations, the latter to corporations generally. As used in § 7844, the expression "same kind" of corporation does not mean simply a coöperative association but a coöperative of the same kind as the particular corporation amending its articles. The purposes for which the corporation is organized, stated in the articles of incorporation, determine what kind of a corporation it is. West Duluth Land Co. v. Northwestern Textile Co. 176 Minn. 588, 224 N. W. 245; State ex rel. Clapp v. Minnesota Thresher Mfg. Co. 40 Minn. 213, 41 N. W. 1020, 3 L. R. A. 510.

No exact formula for the determination of what changes are fundamental can be stated. Statements explanatory of fundamental changes have been made and applied. See Perkins v. Coffin, 84 Conn. 275, 79 A. 1070, Ann. Cas. 1912C, 1188, and note, 1203. One of the best statements in the books of what changes are fundamental is in our own case of Mower v. Staples, 32 Minn. 284, 286, 20 N. W. 225, in which we said: "Alterations which materially change the nature and purposes of the corporation, or of the enterprise for the prosecution of which it was created, are fundamental, while those which work no such material change are not funda-

mental," and held that amendments are not fundamental when they do not change the nature, purpose, or character of the corporation or its enterprise but are designed to enable the corporation to conduct its authorized business with greater facility, more beneficially or more wisely, and are auxiliary to the original object of the corporation. The authorities generally sustain this rule. 1 Thompson, Corporations (3 ed.) § 400, note 54; 7 Fletcher, Cyc. Corporations (Perm. ed.) pp. 886-887, § 3718; 2 Cook, Corporations (8 ed.) § 501; 14 C. J. pp. 188, 189, §§ 193, 194; Wright v. Minnesota Mut. L. Ins. Co. 193 U. S. 657, 664, 24 S. Ct. 549, 48 L. ed. 832, in which the court upheld an amendment because it did "not change the essential character of the business," but authorized its extension upon a recognized plan. New Haven & Derby R. Co. v. Chapman, 38 Conn. 56, 71; Shiflett v. John W. Kelly & Co. 16 Ga. App. 91, 84 S. E. 606; State ex rel. v. Taylor, 55 Ohio St. 61, 44 N. E. 513; Stein v. Marks, 44 Misc. 140, 89 N. Y. S. 921; Perkins v. Coffin, 84 Conn. 275, 79 A. 1070, Ann. Cas. 1912C, 1188. "Under this reserved power a legislature cannot by amendment revolutionize a corporation, change the character of the enterprise, and compel it to proceed under the amended charter." 1 Thompson, Corporations (3 ed.) § 439. The amendments must be consistent with the scope and objects of the act of incorporation.

An examination of the original articles and the amendments discloses that the amendment adds new purposes, new enterprises, almost without limit. The amendment changes the corporation from a wholesale dealer in petroleum products to a mercantile, jobbing, wholesale and retail, mining, manufacturing and mechanical corporation, without limit as to the number of different kinds of business and enterprises. These changes are of such a radical and fundamental nature as in effect to substitute a corporation with new powers and purposes for the old one. The powers and purposes in the amendment overshadow the original powers and purposes. They entirely change the nature and purposes of the corporation. The objects and purposes are required to be stated in the articles of incorporation among other things so that the stockholders may know the nature of the business in which their capital

is being invested. 1 Thompson, Corporations (3 ed.) §§ 47, 48. Certainly persons investing in a company dealing in oil at wholesale would not expect to have their investment by amendment of the articles of incorporation transferred to mining, manufacturing, mechanical, and wholesale and retail mercantile enterprises. A party purchasing stock has the right at the time of the purchase to determine the kind of a business in which he will invest his money. Unless he has agreed that the business may be changed to a different kind, he is entitled to have his investment remain in the kind of business in which he originally placed it. Unless authorized to do so, other stockholders of the corporation cannot by amendment of the articles transfer money invested in one kind to a different kind of business without violating the contractual rights of the parties.

It is claimed that the proposed amendments do not fundamentally and radically affect the nature of the plaintiff corporation because they do not increase the liability of the stockholder, citing West Duluth Land Co. v. Northwestern Textile Co. 176 Minn. 588, 224 N. W. 245, which holds that the articles may not be amended to change a corporation from a manufacturing to a mercantile corporation, and Henry v. Markesan State Bank (C. C. A.) 68 F. (2d) 554, which holds that a change may be made from manufacturing and other purposes to a manufacturing purpose only. The precise point involved here was not raised in either of those cases. In Henry v. Markesan State Bank, *supra,* the change was to powers already being exercised by the corporation and to engage in business in which it was already engaged. The amendment caused the elimination of other purposes in connection with manufacturing.

It is contended that, because the corporation might originally have been incorporated for the purposes and with the powers set forth in the amendment, the addition of those powers and purposes by the amendment did not change the nature of the corporation. New purposes and enterprises cannot be added at all unless they are authorized by law. The fact that a corporation may at the time it is organized be authorized to have certain purposes and engage in certain enterprises does not determine that the addition

after incorporation by amendment of one or more of such purposes and enterprises not included in the original articles of incorporation will not change the very nature and purposes of the corporation. The fact that such purposes and enterprises are authorized by law does not bear any relation to the question of whether the addition of them by amendment after incorporation changes the nature and purposes of the corporation. The addition by amendment of purposes and enterprises allowed by law may radically and fundamentally change the nature and purposes of a corporation and in many cases accomplishes that result. Zabriskie v. Hackensack & N. Y. R. Co. 18 N. J. Eq. 178, 90 Am. D. 617. We hold that the amendment fundamentally and radically changed the purposes and nature of the corporation, was not within the reserved power to amend, and was illegal as to defendant.

■ It is claimed that defendant assented to the amendment by conduct. This is predicated upon two propositions: That the manager of the defendant attended the meeting at which the amendment was adopted and did not oppose the same, and that defendant ratified the amendment by not objecting to it until sued in this action for goods sold and delivered. The amendment was adopted on June 12, 1934. Some of the goods were bought before and some after that date, between May 5, 1934, and January 11, 1935. There is no showing that defendant approved and ratified the amendment. The evidence does show that defendant protested the changes and demanded that the participation dividends be paid to it. The evidence with respect to these matters is in dispute, and the court below made findings in favor of defendant upon both propositions. The findings of fact are sustained by the evidence and are final here. 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 411; Haedge v. Gaver, 173 Minn. 207, 217 N. W. 109; Sommers v. City of St. Paul, 183 Minn. 545, 237 N. W. 427; Waldron v. Page, 191 Minn. 302, 253 N. W. 894; S. Bader & Sons v. Gensler, 191 Minn. 571, 255 N. W. 97.

Other assignments of error have been considered and are found to be without merit.

Judgment affirmed.