

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
~~MILLER WILSON~~
ATTORNEY GENERAL
. . . . . . . . . . . . . . .

June 12, 1939

Hon. Tom L. Beauchamp
Secretary of State
Austin, Texas

Attention of Mr. Claude
A. Williams

Opinion No. O-911
Re:  Authorization of the Secretary
of State to allow a foreign corpora-
tion to file a certificate of amend-
ment changing the purpose clause in
the company's permit to do business
in Texas.

Dear Sir:

We acknowledge receipt of your request for an opinion
on the following three questions:

"1.  Is this department authorized to allow a
foreign corporation to change its purpose clause?

"2.  If this department is authorized to allow
a foreign corporation to change its purpose clause,
what filing fee should this department charge?

"3.  Is the instrument hereto attached suffi-
cient to effectuate such a change in a foreign cor-
poration's purpose clause under its permit?"

The first paragraph of your letter states that you en-
close the certificate of amendment of "General Syndicate, Inc.",
a foreign corporation, and that it is in reality an application
for a change of purpose insofar as the company's permit to do
business in Texas is concerned.  You also state, and it is on
that basis that this opinion is written, that the corporation is
authorized under its Delaware charter to conduct such business,
but that it has heretofore applied for and secured a permit to do
business under a different purpose clause.  We assume that all of
the necessary prerequisites and conditions were met by General
Syndicate, Inc. before it obtained its present permit to do busi-
ness in Texas.

The issuance of permits to foreign corporations is gov-
erned by Article 1529 Revised Civil Statutes of Texas.  Article
1532 provides that after obtaining such permit, foreign corpora-
tions shall have and enjoy all the rights and privileges confer-
red by the laws of this state on domestic corporations.

Because the situation here presented seems to be one of
first impression  we consider it necessary, as a basis for the

opinion to be rendered by this department, to discuss rather fully the statutes and decisions covering the rights of a foreign corporation to do business under its permit, and amendments to charters of corporations generally.

Article 1314 of the Revised Civil Statutes relates to the amendment of charters by private corporations and provides among other things that "no amendment or change violative of the constitution or law of this state or any provision of this title or which so changes the original purpose of such corporation as to prevent the execution thereof shall be of any force or effect." By the enactment of this provision, the Legislature has expressly prohibited a private corporation organized under the laws of the state of Texas from amending its charter so as to change the purpose clause under which the corporation was organized. It has long been settled in this and other statesthat an amendment to a corporation's charter must not amount to an entire change of the objects of the corporation. In I Thompson on Corporations, paragraph 316, the following language appears:

"....The charter is the constitution of a corporation. It is an instrument emanating from the sovereign power in the nature of authority or a grant to certain named persons to act as a body corporate and empowering them to exercise corporate functions for certain specified purposes."

Again, at paragraph 397 of the same volume, in referring to amendments made by new charters the following language appears:

"To be sure such substituted charter must be germane, necessary to the objects and purposes for which the corporation was organized, and must not violate any of the principals governing the doctrine of amendment. ..." Citing Snooks vs. Georgia Implement Company, 9 SE 1104.

Generally speaking, alterations in corporate charters which affect a material change in the nature and purpose of the corporate venture for the prosecution or conduction of which it was created are considered fundamental and material amendments and are not allowed. Perkins vs. Coffin, 84 Conn. 275, 79 Atl. 1070, I Thompson on Corporations, para. 400. Further citations and authorities in this connection include the following:

State vs. Taylor, 44 NE 513; Youngblood vs. Georgia Implement Co., 10 SE 1104; Mercantile Statement Company vs. Kneal, 53 NW 632; I Thompson on Corporations, Para. 326, 332, 396.

Article 1529 of the Revised Civil Statutes provides for the issuance of a permit to a foreign corporation for the purpose of doing business in the state of Texas and the last sentence of such article reads as follows:.

"If such corporation is created for more than one purpose the permit may be limited to one or more purposes."

Article 1537 of the Revised Civil Statutes provides that each foreign corporation shall immediately file with the Secretary of State a certified copy of any amendment or supplement to its original articles of incorporation.

The following quotations are from Vol. 8 of Thompson on Corporations and are found in the paragraphs indicated:

"Its powers (speaking of a foreign corporation) in another state will be measured by its charter and it will not be allowed to exercise therein any powers not conferred upon it, either expressly or impliedly, by its charter or the laws of the state of its incorporation."  (para. 6582)

"The principal of comity permits a foreign corporation to exercise only those powers with_ the state which a domestic corporation of the same kind is permitted to exercise under the constitution, the laws, and the policy of the state and such a corporation may not exercise powers and privileges which are denied to domestic corporations of like character.  It is an expression of principal that a foreign corporation will not be allowed to transact business within the state on more favorable conditions than prescribed by law for domestic corporations though it is given the authority to do such acts by the laws of the state of its incorporation."  (para. 6583) (emphasis ours)

"A state is not required to recognize as valid a corporation  formed by its own citizens in another state to evade its own laws or the laws of other states." (para. 6587, citing Carroll vs. East St. Louis, 57 Ill. 568 and other cases).

In Vol. 8 of Thompson on Corporations at page 830, para. 6607, the case of St. Louis Metal & Construction Company vs. Beilharz, 88 SW 512, as cited in support of the principal of law therein announced.  In that case the Texas Court of Civil Appeals stated that a change in the name of a foreign corporation after it has

obtained a permit to do business in Texas would not effect the validity of the permit granted or the right of the corporation to do business in the state of Texas so long as the change of name did not involve a change in corporate charter or in the character of the business of the corporation or the management thereof. In this connection it has long been settled that the business of a corporation is confined to the objects for which it was chartered and the same rule applies to foreign corporations permitted to do business in the state of Texas. A state may exclude altogether foreign corporations, except in the case of corporations engaged in interstate commerce, or if it admits foreign corporations to do business within the state it may impose whatever conditions it sees fit. A foreign corporation has no existence beyond the bounds of the state creating it and it exercises no functions outside of that state except by consent of the jurisdiction in which it seeks to do business.

In the case of Western Public Service Company vs. Meharg, Secretary of State, 286 SW 141, the Commission of Appeals of Texas, in construing Article 1529, said:

"In view of the comprehensive nature of the first declarations expressed in Article 1529, it appears to us that the concluding sentence is permissive in favor of the corporation so long as the purposes named in its charter do not include some for which franchises are not grantable to domestic corporations and does not include a combination of purposes not permitted to domestic corporations. So long as the charter purposes are within this legitimate range, the foreign corporation is entitled to get that for which it asks. If in such a case the corporation desires to restrict its business in Texas to less than all of its charter purposes, it must declare the limitation, else the Secretary of State 'shall issue' a permit in harmony with the objects named in the charter and evidenced by the certified copy thereof. Such, we think is the meaning of Article 1529 as also, of Article 1532, wherein it is said that 'such corporations....shall have and enjoy all the rights and privileges conferred by the laws of this state' on domestic corporations. And since Article 1302, R.S. 1925, subd. 88, contains authority for a domestic corporation to have 'two or more' of such purposes as are named in relator's application, it results that the Secretary of State misinterpreted the law in respect to issuance of permits for more than one purpose." (emphasis ours)

In the case which confronts you at this time, there has been no attempt by the corporation to amend its Delaware charter, nor has there been any attempt by the corporation to apply for a permit to do business in Texas for two purposes which are inconsistent under the laws of this state. The corporation having secured a permit to do business in Texas for one purpose as expressed in Article 1302, now desires to amend its permit by substituting another purpose for the original purpose under which the permit was issued. Under the laws of Delaware the corporation is permitted to include more than one purpose in its charter, but when it applied for a permit to do business in Texas, the Secretary of State very properly limited the issuance of the permit to one purpose. To allow a foreign corporation which has thus secured a permit to do business in Texas for a specific purpose to later amend the purpose expressed in the permit and conduct an entirely different type of business-even though such business is one which a corporation is authorized to conduct in the state of Texas, would be virtually annulling the effect of the regulation accomplished by the issuance of permits to foreign corporations. To so hold would open the field for Texas residents to form foreign corporations under the laws of other states, authorized by their charter to do business for numerous purposes, and to change the purpose clause in their permit to do business in Texas as many times as they might desire. No persons dealing with such a corporation in Texas would ever know how long they would conduct the business for which they were issued a permit. The situation is somewhat analagous, though it is not parallel, to the case of a domestic corporation amending its charter so as to change the purpose clause for which it was incorporated. It is a well-settled rule that the charter of a corporation is its constitution and it constitutes a contract between the corporation and its stockholders, between the corporation and the state, between the state and the stockholders, between the stockholders themselves and between the state and third persons dealing with the corporations on the faith of the granted power. It is equally true that the grant of a permit to do business in Texas with a foreign corporation is in the nature of a contract. The corporation contracts with the state of Texas not to exceed the powers in the permit and of a necessity collateral contracts arise as above mentioned.

Insofar as the state of Texas and its citizens are concerned, the permit of a foreign corporation occupies substantially the same position as the charter of a domestic corporation. The laws do not permit a domestic corporation to amend its charter to the extent of substituting a new purpose clause and thereby forming a new corporation. To hold that a foreign corporation may change the purpose clause in its permit would be to grant to such corporation far greater powers than those permitted a corporation organized under the laws of Texas.

In answer to your first question, it is the opinion of this department that a foreign corporation which has a permit to do business in Texas for a purpose permitted under the laws of the state of Texas is thereafter limited to the business therein specified, and it cannot amend the permit so issued so as to change the purpose for which it was originally granted. Obviously, it is not necessary to consider your second and third questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ross Carlton
Ross Carlton, Assistant

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION  COMMITTEE
BY:            CHAIRMAN

RC:AW:wb